THE STATE OF KANSAS, *ex rel. W. A. Johnston, Attorney General*, v. E. W. METZGER, *as Director of School District No. 24, of Jefferson County.*

SCHOOL DISTRICT BONDS, *Valid Election for.* Where an election is ordered in a certain school district for the purpose of permitting the electors to vote for or against the issue of certain school-district bonds, and in the order it is provided that those electors who desire to vote in favor of the bonds shall have written or printed on their tickets the words, "For the bonds," and those who desire to vote against the bonds shall have written or printed on their ballots the words, "Against the bonds," and the election is afterward held, and those who in fact vote for the bonds simply have written or printed on their ballots the words, "For bonds," omitting the word "the," and those who vote against the bonds, with one or two exceptions, simply have written or printed on their ballots the words, "Against bonds," *held*, that the omission of the word "the" does not invalidate the election; and that, generally, whenever it can be ascertained what the real will and intention of the voters are, the election is valid.

*Original Proceedings in Mandamus.*

ACTION brought in this court June 23, 1881, by the *State of Kansas*, on the relation of the attorney general, against *E. W. Metzger*, as director of School District No. 24, of Jefferson county, to compel him to unite with the clerk of said district in the execution of certain bonds duly voted by that district for building a school house therein. An alternative writ was issued from this court, which defendant answered, showing cause. The opinion states the fact.

*Rossington & Smith*, and *J. D. McFarland*, for plaintiff.
*Webb, Johnson & Ryan*, for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This is an action of mandamus, brought in this court to compel E. W. Metzger, director of School District No. 24, Jefferson county, Kansas, to unite with the clerk of said district in signing and executing certain school-district bonds alleged to have been authorized by a vote of the electors

of said district, at an election held for that purpose. An alternative writ has been issued from this court, and has been returned. It appears from the alternative writ, and the answer thereto, that the election was held, and that the electors of said school district voted almost unanimously for the issue of said bonds; but there was one irregularity in the vote, which the defendant claims invalidates the election. It seems that the order authorizing the election provided that those electors who should desire to vote in favor of the bonds should have written or printed on their tickets the words, "For the bonds," and those who should desire to vote against the bonds should have written or printed on their ballots the words, "Against the bonds;" while those who in fact did vote for the bonds simply had written or printed on their ballots the words, "For bonds," omitting the word "the," and those who voted against the bonds, with one or two exceptions, simply had written or printed on their ballots the words, "Against bonds."

We do not think that any such slight irregularity can invalidate the election. Generally, whenever it can be ascertained what the real will and intention of the voters are, the election is valid, however many irregularities may intervene. In this case we think the election was valid, and that the issue of the bonds was properly authorized, and that it is the duty of the defendant to unite with the other officers of the district in issuing the bonds. Upon the question of irregularities, we refer to the following authorities: *The State v. Elwood,* 12 Wis. 552; *The State v. Cavers,* 22 Iowa, 343; *Cattell v. Lowry,* 45 Iowa, 478; *Clark v. Robinson,* 88 Ill. 498; *Kirk. v. Rhoads,* 46 Cal. 398.

Judgment will be rendered in favor of the plaintiff and against the defendant, and a peremptory writ of mandamus will be allowed.

All the Justices concurring.