## J. W. WILDS v. THE STATE BOARD OF CANVASSERS OF THE STATE OF KANSAS.

REPRESENTATIVE, *Election for — Erroneous Number in Ballots.* In canvassing the votes cast for representative in a county constituting a single representative district, it appeared that some of the ballots were cast by voters of that county on which the district was designated by an erroneous number. *Held,* That the erroneous designation should be treated as surplusage, and that all of the votes should be counted.

### Original Proceeding in Mandamus.

ACTION by *J. W. Wilds,* to compel *The State Board of Canvassers* to recanvass the returns from Republic county, and declare plaintiff elected representative of said county, instead of J. M. Foster. The material facts appear in the opinion, filed January 7, 1893.

*W. C. Webb, G. C. Clemens,* and *Frank Doster,* for plaintiff.

*T. F. Garver, S. R. Peters, Chester I. Long,* and *F. B. Dawes,* for defendants.

The opinion of the court was delivered by

JOHNSTON, J.: This is an application by J. W. Wilds for a writ of *mandamus* to compel the state board of canvassers to recanvass the abstract or returns from Republic county, and upon that return to declare that he has been elected representative, instead of J. M. Foster, to whom a certificate of election has been granted. In his application he states, in substance, that he was a candidate at the last election for representative of the 61st district; that J. M. Foster and L. M. Morris were also candidates for the same place; that at that election he received 2,064 votes, Foster received 1,682 votes, and Morris received 99 votes, and that the county canvassing board substantially found and declared that result; that the county clerk then transmitted an abstract of the votes to the secretary of state, which, upon its face, shows that Wilds received the greatest number of votes for representative in that district, but that the state board of canvassers, in violation of its duty, had found and declared that Foster was elected, and that a certificate had been issued to him. The abstract was referred to in the information, and was presented to the court at the hearing, and upon these two papers the right of the plaintiff to an alternative writ, or to any aid through a proceeding in *mandamus,* is presented to this court. Having this abstract before us, we have all that was before the state canvassing board, and everything upon which Wilds bases his right to relief, and hence we may now dispose of the case upon its merits.

It is conceded that the duties of the canvassing board are mainly ministerial, and that they are confined to an examination of the returns made to it. The board is required to

give a reasonable construction to the return, and exercise intelligence and judgment in determining what it shows. All parts of it should be taken and considered together in determining the real result of the election. So considered, then, what is a fair and just construction of its terms? It reads as follows:

"Certified abstract of votes cast for members of the senate and house of representatives, in the county of Republic, state of Kansas, at the general election held on the 8th day of November, A. D. 1892.

"STATE OF KANSAS, COUNTY OF REPUBLIC, ss.

"I, R. H. Galloway, county clerk of the county of Republic, state of Kansas, do hereby certify that the following is a true and correct abstract of votes cast in said county, at the general election held on the 8th day of Novemer, A. D. 1892, for members of the senate and house of representatives, to wit:

"FOR SENATOR, —— DISTRICT.

| Name. | P. O. address. | |
|---|---|---|
| B. R. Hogin | Belleville | Received 2,145 votes. |
| George D. Bowling | Belleville | Received 2,054 votes. |
| Geo. M. Simpson | Concordia | Received 103 votes. |

"FOR REPRESENTATIVE, 61ST DISTRICT.

| Name. | P. O. address. | |
|---|---|---|
| J. M. Foster | Courtland | Received 1,682 votes in 61st district. |
| " | " | Received 472 votes in 73d district. |
| | | 2,154 |
| J. W. Wilds | Munden, Kas. | Received 2,064 votes in 61st district. |
| " | " | " ...Received 3 votes in 73d district. |
| | | 2,067 |
| L. M. Morris | Unknown | Received 99 votes. |

"Part of the tickets were printed giving the number of the representative district as the 73d instead of the 61st; hence the vote for the two districts.

"In witness whereof, I have hereunto subscribed my name and affixed the seal of the county of Republic, at Belleville, this 14th day of November, A. D. 1892.

[SEAL.]      R. H. GALLOWAY, *County Clerk.*

"STATE OF KANSAS, COUNTY OF REPUBLIC, ss.

"I, R. H. Galloway, county clerk of the county of Republic, state of Kansas, do hereby certify that the above is a true and correct copy of the original abstract now on file in my

office. In testimony whereof, I have hereunto subscribed my hand and affixed the seal of the county of Republic, at Belleville, this 14th day of November, A. D. 1892.

[SEAL.]            R. H. GALLOWAY, *County Clerk*."

"Filed for record November 18, 1892.

             WM. HIGGINS, *Secretary of State*."

It will appear from the abstract that there were 2,154 votes cast for Foster for representative in the county of Republic; but it is contended by Wilds, that because the abstract shows that 472 of them were cast for him as representative of the 73 district, they should not be counted. As will be seen, the abstract contains a statement explaining how the error occurred. It is said that the explanatory statement has no place in the abstract, and should not be considered; but we think it may properly be regarded as a part of the abstract, and should be considered in determining the result of the election. It appears to be a part of the abstract made by the county canvassing board, which is now on file in the records of Republic county. Like the balance of the statement in the abstract, it precedes the certificate of the clerk, who certifies that all of it constitutes a true and correct copy of the original abstract on file in his office. A fair interpretation of the abstract clearly shows that all of the votes mentioned therein were cast in Republic county, and by electors of that county. The county constitutes a single representative district, and the district includes all of the county. Every elector in that county was entitled to vote for a representative, and, as but one representative could be voted for in the county, can there be any question that all of the votes mentioned were cast for the representative of Republic county, and of the 61st representative district? The officer to be chosen is designated in the constitution as "representative," and not as the representative of a numbered district; and the addition of words which wrongly describe the office should not destroy the ballot nor defeat the manifest will of the electors. The ballot indicates the will of the voter; and when, in the light of all the surrounding circumstances, the purpose of the voter can be ascertained with reasonable cer-

tainty, effect should be given to it.   So it has been held that
a slight error in writing the name of a candidate upon a ticket,
or an immaterial misdescription of an office thereon, will not
annul the vote.   The words, "in 73d district,"
under the authorities, should be treated as sur-
plusage, and the undoubted will of the voter
carried out.   (*Clark v. Comm'rs of Montgomery Co.,* 33 Kas.
202; *The State v. Howe,* 44 N. W. Rep. 874; *Inglis v. Shep-
herd,* 67 Cal. 469; *McKinnon v. The People,* 110 Ill. 305;
*Newton v. Newell,* 6 N. W. Rep. 346; *Behrensmeyer v. Kreitz,*
26 N. E. Rep. [Ill. Sup.] 704; 5 Cong. Elect. Cases, 190.)
We are to take notice of the general laws of the state upon
the question, and by doing so it is easy to account for the er-
roneous description of the district.   The present apportion-
ment law constitutes Republic county the 61st representative
district, and the preceding apportionment law made a portion
of the same county the 73d representative district; and, as
the abstract shows, some of the voters carelessly used the old
number in designating the office upon their ballots.   But as
it would have been sufficient and legal to have designated the
office "representative," without any number, the addition of
the words indicating a wrong number, and one in which the
electors of Republic county could not have voted, the error
will not affect the validity of the votes.   When all the votes
are counted, Foster has a plurality of 87 votes, and is entitled
to the office.

We reach the conclusion without any hesitation that the
state board of canvassers acted correctly in awarding the cer-
tificate to Foster; and, further, that the application of Wilds
should be denied.   That will be the judgment of the court.

All the Justices concurring.