No. 20,083.

JOHN V. ABRAHAMS et al., as Trustees, etc., *Appellants,* v. SCHOOL DISTRICT NO. 33, *Appellees.*

### SYLLABUS BY THE COURT.

1. BOND ELECTION—*School District—Australian Ballot Law.* The Australian ballot law does not apply to school-district elections held to determine whether or not bonds shall be issued to build a schoolhouse.

2. SAME—*Intention of Voter—How Determined.* The intention of voters casting certain ballots at a school-district bond election ascertained and declared from the words and marks on the ballots.

3. SAME—*Enjoining Tax—Taxpayer May Prosecute Action.* Whether or not a taxpayer of a school district may contest an election erroneously declared to have resulted favorably to the issuing of bonds, he may invoke the remedy afforded by section 265 of the civil code to prevent the bonds from being issued.

4. SCHOOL ELECTION—*Changing Schoolhouse Site—Proposition Carried.* A finding by the trial court that a proposition to change the site of the schoolhouse duly carried at a school-district election held to determine the matter, approved.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed February 12, 1916. Affirmed in part and reversed in part.

*A. M. Harvey,* and *J. E. Addington,* both of Topeka, for the appellants.

*Robert Stone,* and *George T. McDermott,* both of Topeka, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to enjoin the issuing of school-district bonds to build a schoolhouse and to enjoin

changing the site of the schoolhouse.  The plaintiffs were defeated and appeal.

It is said the proposition to issue bonds did not carry at the bond election.  The canvassing board rejected three ballots in the following form:

If the first ballot be counted for and the other two be counted against the bonds the proposition did not carry.  The defendants claim the Australian ballot law applies to the conduct of school-district bond elections, and they interpret the ballots according to that law.  The statutes involved contain provisions indicating that the Australian ballot law governs, and that it does not govern.  The general practice, of which the legislature certainly is cognizant, has been to ignore the law. It was ignored in the present instance.  Without entering upon an extended discussion of the subject, it is sufficient to say that the court is of the opinion the Australian ballot law does not apply to school-district bond elections.  If this were not so the ballots used in the bond election were not in the form prescribed by the Australian ballot law, and other material features of that law were disregarded in holding the

election. The question then is, What was the intention of the voters casting the ballots which the canvassing board rejected? The first ballot was cast for the bonds. The word "No" written on the second ballot is a word of opposition used with reference to the proposition to vote bonds, and the ballot should be counted against the bonds. The third ballot was also cast against the bonds. The result is the proposition to vote bonds failed to carry.

It is said that the plaintiffs had a remedy by way of contest of the election. If so, the remedy was not exclusive of that afforded the plaintiffs as taxpayers by section 265 of the civil code.

The judgment of the district court with reference to issuing bonds is reversed, and the cause is remanded with direction to enter judgment for the plaintiffs.

It is said the proposition to change the site of the schoolhouse did not carry at the election held to determine the matter. The solution of this question depends upon the application of well-understood principles of law to oral testimony, which was conflicting in some particulars and which the trial court was better able to estimate. Taking the testimony as it is found in the record, however, this court concludes that the proposition carried.

The judgment of the district court with reference to changing the schoolhouse site is affirmed.