No. 21,069.

RANTOUL RURAL HIGH SCHOOL DISTRICT No. 2, in Franklin County, *Plaintiff*, v. W. E. DAVIS, as State Auditor, *Defendant*.

SYLLABUS BY THE COURT.

RURAL HIGH SCHOOL — *Location Sufficiently Described in Petition — Bonds—Mandamus.* A petition for an election to vote on establishing and locating a rural high school under chapter 311 of the Laws of 1915 recited that the proposed school was to be located "within or close to the village of Rantoul," and it is held that the location so designated is not so indefinite or defective as to invalidate the organization made or the bonds issued in pursuance of the vote.

Original proceeding in mandamus. Opinion filed November 11, 1916. Judgment for plaintiff.

*W. G. Tulloss, B. P. Morlan,* and *J. E. Borland,* all of Rantoul, for the plaintiff.

*S. M. Brewster,* attorney-general, for the defendant.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is a mandamus proceeding to compel the registration of rural high school bonds.

At an election held on May 26, 1916, it was determined to establish Rantoul High School No. 2 of Franklin county under the provisions of chapter 311 of the Laws of 1915, and to issue $10,000 worth of bonds of the district for the construction of a high-school building. The officers of the district executed the bonds and presented them to the state auditor for registration, but he declined to register them upon the ground that the location of the building was not definitely stated as the statute requires. In the petition for the location, which set forth the boundaries of the district and the amount of the bonds proposed to be issued, it was stated that the high school was to be located "within or close to the village of Rantoul."

Is the statement sufficient? The statute provides that an election to establish a rural high school district and to vote bonds for the construction of a school building shall be held

whenever a petition otherwise sufficient is presented to the board of county commissioners requesting it "to call a special election to vote on establishing and locating a rural high school and to vote bonds for the construction of a high-school building, the proposed location and the amount of the bonds proposed to be stated in the petition," etc. (Laws 1915, ch. 311, § 2.) It is contended that the location is to be fixed by the electors and not by the school board and that to comply with the statute the particular spot or piece of land upon which the building is to be erected must be stated. This strict interpretation of the term *location* in the connection in which it is used was rejected in *Miely v. Metzger*, 97 Kan. 804, 156 Pac. 753, where the statute in question was under consideration. The view taken was that the legislature did not intend that the precise spot on which the building was to stand should be stated in the petition but that it would be enough if the municipality, district, neighborhood or locality within which the building was to be erected was stated. There the location stated in the petition was "within Ozawkie, Kansas," which is an unincorporated village, and it was held that the proposed location was stated with sufficient definiteness to meet the purposes of the statute. Following this view. it must be held that the bonds in question are not invalid because the location of the high school was not properly stated in the petition. Here the location is "within or close to the village of Rantoul." The term *close to* is defined as *near, very near* and *immediately adjoining*. If the location named for a high-school building is in a rural district which has no definite boundaries the term *within* may be inappropriate. A village or hamlet in a rural community may be no more than a store, a school, a church and two or three residences, and in such a case a statement that a high school was to be located within or close to the village would be about as definite a designation as would be practicable without naming the particular spot on which the building was to rest. In such a case to name a location close to a hill, mound or other well-known natural object or to the intersection of certain highways within the district would be reasonably definite. Likewise to name a location as "within or close to" the group of houses constituting the village of

Rantoul appears to us to meet the requirements of the statute and it must therefore be held that there are no valid objections to the registration of the bonds. This being decided the state auditor will doubtless register the bonds and the formal issuance of the peremptory writ will be unnecessary.

Judgment for the plaintiff.