No. 21,401.

S. S. REYNOLDS, *Appellant*, V. FRANK B. CLARK et al., as the Board of GRAINFIELD RURAL HIGH-SCHOOL DISTRICT NO. 4 et al., *Appellees*.

### SYLLABUS BY THE COURT.

1. RURAL HIGH-SCHOOL DISTRICT—*Properly Organized—Bonds for Construction of Building—Election—Authority of District Board.* After a rural high-school district has been organized by proceedings conducted under chapter 311, Laws of 1915, but not extending to the voting of bonds for the construction of a building or the selecting of a site, an election to determine the question of issuing bonds for the construction of a building may be called by the rural high-school district board on petition presented to such board.

2. INJUNCTION—*Motion to Dissolve—Hearing Before Trial on Merits.* When a temporary injunction has been granted after notice and a hearing, it is within the discretion of the district court, or judge, to hear a motion to dissolve the injunction, notice having been given, before the time for trial on the merits.

Appeal from Gove district court; JACOB C. RUPPENTHAL, judge. Opinion filed June 19, 1917. Affirmed.

*R. H. Thompson,* of Gove, and *T. L. Bond,* of Salina, for the appellant.

*James P. Coleman,* of Topeka, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to enjoin the issuance of bonds voted by a rural high-school district to enable it to

construct a rural high-school building. A temporary injunc-
tion was dissolved, and the plaintiff appeals.

The district was organized under the rural high-school dis-
trict act, chapter 311, Laws of 1915 (Gen. Stat. 1915, §§ 9347-
9357a), but the organization proceedings did not extend to
the voting of bonds or the selecting of a site for a building.
For a year or more a rural high school was conducted in a
rented building. In February, 1917, a petition for an election
to vote bonds for the construction of a building was presented
to the rural high-school board. The board called the election,
the election was held, and the result was favorable to the is-
suance of bonds. The plaintiff contends the election was void
because the petition was not presented to the board of county
commissioners and the election was not called by that body.

Section 1 of the act authorizes electors residing in certain
territory to form a rural high-school district. Section 2 reads,
in part, as follows:

"Whenever a petition, signed by two-fifths of the legal electors resid-
ing in the territory of the proposed rural high-school district, to be de-
termined by an enumeration taken for this purpose, shall be presented
to the board of county commissioners of the county in which lies the
greatest portion of territory comprising said district, reciting the
boundaries of said proposed district and requesting said board of county
commissioners to call a special election to vote on establishing and lo-
cating a rural high school and to vote bonds for the construction of a
high-school building, the proposed location and the amount of the
bonds proposed to be stated in the petition, it shall be the duty of
the board of county commissioners forthwith to call a special elec-
tion in said proposed district to vote on establishing and locating
a rural high school and to vote bonds therefor." (Gen. Stat. 1915,
§ 9348.)

Section 3 provides, among other things, that if the terri-
tory of the proposed district embrace an incorporated city of
more than 300 population, the vote in city and country must be
taken and counted separately, and the proposition to form a
rural high-school district must carry in both city and country.
Section 4 relates to canvass of the vote, report of the result,
and election and term of office of rural high-school district
officers. Section 5 relates to district meetings, board meetings,
and the levy and collection of taxes. Section 6 reads as
follows:

"The rural high-school board shall have the care and control of all
property belonging to the high-school district and, except as herein pro-

vided, shall have the powers prescribed by law for school-district boards. The rural high-school board is hereby authorized to secure a site, selected as provided in section 2 of this act, either by donation or purchase; or such site may be condemned in the manner provided in chapter 86, Session Laws of 1909, for the condemnation of property for school sites in cities and school districts." (Gen. Stat. 1915, § 9352.)

Other provisions of the act cover the subjects of taxation when the district lies in two or more counties, supervision by the county superintendent, course of study, admission of pupils, and annexation of adjacent territory.

Considering the entire act in the light of the purpose to be accomplished, the legislative intention is clear enough. To facilitate not merely the institution but the speedy institution of rural high schools, authority was given to organize a district, select a site, and vote bonds for the construction of a building, all at one election. Electors are not obliged, however, to avail themselves of all their privileges at once. They may organize a district, and the district may then elect officers, maintain a school, levy taxes, and otherwise fulfill the general purpose of the act. In the beginning, whether full advantage of the act be taken or not, it is necessary that some competent authority pass on the petition, call the election, canvass the returns, and declare the result. The board of county commissioners was chosen as the proper body to do this for a "proposed" district. After a district has been organized, there is no reason why it should not conduct a bond election and select the site for a high-school building without outside assistance or supervision, as well as conduct other elections, construct the building, maintain the school, levy taxes, and perform other corporate functions.

The plaintiff argues that the provisions of section 6 relating to selection of a site are inconsistent with the view just stated. Those provisions of section 6 were intended as a grant and not as a limitation of power. If in the initial proceeding a site has been selected, the district board may acquire that site by donation, by purchase, or by condemnation. If no site were selected when the district was organized, then the board has the power prescribed by law for school-district boards (Gen. Stat. 1915, § 8972), as well as the power of condemnation.

The district contains the city of Grainfield, an incorporated city of more than 300 inhabitants. The plaintiff says a separate vote of electors of town and country was not taken, as prescribed by section 3 of the act. Section 3 was designed to prevent the electors of an incorporated city from forming a rural high-school district which includes outside territory without the consent of a majority of the electors of the outside territory voting at the election. Bonds for the construction of a building are not mentioned. It is not necessary to decide whether or not the town and country vote on the proposition to issue bonds at an election called under section 2 should be taken and counted separately. The provision for a separate vote does not apply to an election held after a district has been organized.

A matter of practice is presented. A temporary injunction was granted after notice and a hearing. Afterwards a motion to dissolve the temporary injunction was filed. Notice of hearing was given, and after a full hearing the motion was sustained. The appeal is from the order dissolving the temporary injunction. Section 262 of the civil code contains this provision:

"If the injunction be granted without 'notice, the defendant, at any time before the trial, may apply, upon notice, to the court in which the action is brought, or any judge thereof, to vacate or modify the same." (Gen. Stat. 1915, § 7160.)

The plaintiff says he ought not to have been put to the trouble and expense of a rehearing of the case before the time for trial on the merits arrived. That was a matter to be considered by the district court. Section 262 of the civil code does not forbid a reëxamination of the grounds for restraint, and the vexation or injustice occasioned by a temporary order may quite outweigh the inconvenience and expense attending a hearing on a motion to dissolve.

The judgment of the district court is affirmed.