No. 22,751.

THE STATE OF KANSAS, ex rel. ALEX S. HENDRY, as County Attorney of McPherson County, Appellee, v. THE BOARD OF COUNTY COMMISSIONERS OF MCPHERSON COUNTY et al., Appellants.

SYLLABUS BY THE COURT.

1. INJUNCTION — Election Called to Disorganize Rural High School — Election Unauthorized. Where the canvassing board declares that an election has resulted in favor of a proposal to establish a rural high school, the correctness of the canvass cannot be challenged by the defendants in an action brought by the state to enjoin an election called to vote upon the question of disorganizing the school.

2. SAME—State Proper Party Plaintiff. Injunction may be granted at the suit of the state to restrain public officers from taking steps preparatory to the holding of an election for which the law makes no provision.

3. RURAL HIGH SCHOOL—Disorganization—Statute Construed. The provision of the statute that "if any rural high school shall heretofore have voted to organize," and certain other conditions exist, an election may be held to vote upon the proposition to disorganize it, does not authorize such an election with respect to any school established after the enactment of the statute.

Appeal from McPherson district court; FRANK F. PRIGG, judge. Opinion filed June 5, 1920. Affirmed.

*Frank O. Johnson, P. J. Galle,* and *G. Nyquist,* all of Mc-Pherson, for the appellants.

*Alex S. Hendry,* county attorney, *G. F. Grattan, J. M. Grattan, James A. Cassler,* all of McPherson, and *C. M. Williams,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

MASON, J.: On May 13, 1919, an election was held upon the question whether a rural high school should be established in McPherson county, in conformity with the statute. (Gen. Stat. 1915, § 9348, as amended by Laws 1917, ch. 284, § 2.) The vote was canvassed and the proposition was declared carried. On June 24 the organization of the district was effected by the election of a school board, which on the same day contracted for supplies to the amount of $150 and for the renting for ten months of a building for school purposes. On June 28 a petition purporting to be signed by a majority of the electors of the district was filed with the county clerk asking that an election be called to vote upon the question of the disorganization of the school. On July 7 the county commissioners made an order calling such an election. On July 11 this action was brought by the state on the relation of the county attorney against the commissioners and other officers to enjoin the holding of the election, and the various ministerial acts preliminary thereto, on the ground that no such proceeding was authorized by the statute. A demurrer to the petition was overruled and an answer was filed, the court sustaining a demurrer to all of it excepting a general denial. The case was submitted upon the pleadings and a judgment was rendered in favor of the plaintiff, enjoining the performance of any acts looking to the holding of the election. The defendants appeal.

1. The portion of the answer to which a demurrer was sustained contained an allegation that five ballots (enough to affect the result) cast at the election at which the proposal to establish the school was submitted, which should have been counted in the negative, were rejected altogether because marked with a cross near, instead of within, the square provided for the use of the voters. The appellant's argument

appears to concede that the rules peculiar to the Australian ballot system should control—a matter concerning which there may be some doubt. (*Abrahams v. School District,* 97 Kan. 325, 155 Pac. 16.) Neither that question nor the correctness of the result reached on the canvass of the returns of the election need be now determined. The present action is one brought by the state to enjoin the holding of the election to vote upon the disorganization of the school, on the ground that such a proceeding is unknown to the law. If the plaintiff is otherwise entitled to the relief sought, its right thereto cannot be impaired by any defect in the steps by which the establishment of the school was brought about. If it be true that the electors of the district decided against the establishment of the school, that fact obviously could not justify the holding of an election not warranted by the statute to vote upon a proposition for its disorganization.

2. It is urged that an action will not lie to enjoin the holding of an election, or the preliminary acts necessary thereto. Such is without doubt the general rule. (*Duggan v. Emporia,* 84 Kan. 429, 114 Pac. 235; 9 R. C. L. 1001; see, however, 22 Cyc. 885, 886; 2 Joyce on Injunctions, §§ 1386, 1386a; *The State, ex rel. Attorney-general, v. Cunningham,* 81 Wis. 440, and *The State, ex rel. Lamb, v. Cunningham, Secretary of State,* 83 Wis. 90.) The present case, however, differs in two respects from those in which that rule has ordinarily been applied. Here the action is brought in behalf of the public and not of individuals, and the objection is not based upon the existence of mere irregularities in the procedure followed, but upon the contention that the election is one for which there is no legal authority whatever. The government may invoke the aid of a court of equity without showing a pecuniary interest. "The obligations which it is under to promote the interest of all and to prevent the wrongdoing of one, resulting in injury to the general welfare, is often of itself sufficient to give it a standing in court." (*In re Debs, Petitioner,* 158 U. S. 564, 584.)

"The state may maintain injunction against a public officer to restrain him from a violation of his official duty, although other remedies may be open, and he may have given a sufficient bond. It has an interest in seeing that the will of the legislature is not disregarded, and need not, as an individual plaintiff must, show grounds of fearing more specific injury." (*State v. Lawrence,* 80 Kan. 707, 103 Pac. 839.)

State, *ex rel.*, v. McPherson County.

If in fact the law does not contemplate the holding under any circumstances of such an election as that here involved, we think it within the province of a court of equity, at the instance of the representative of the public, to interfere to prevent the doing of an entirely fruitless act, involving some expense and perhaps serving as a practical impediment to the functioning of a school.

3. Prior to 1917 the law in relation to rural high schools made no provision for a vote upon a proposition for disorganization. At the legislative session of that year an act was passed amending it in many respects and adding to the section relating to the establishment of such a school, this provision:

"If any rural high school shall heretofore have voted to organize under the provision of this section, and shall not have accumulated any property, nor incurred any expense or obligation, nor issued any bonds or other evidence of indebtedness, such rural high school may be disorganized upon a petition, notice, and election presented, given and held for the disorganization of such rural high school upon the same terms and provisions as are hereinbefore prescribed in this section for the establishing and locating thereof, except that such petition shall pray, such notice shall declare and such election shall be held for the disorganization of said rural high school; provided, that this shall not affect any district in which a suit has been brought concerning the organization, or issuance of bonds." (Laws 1917, ch. 284, § 2.)

The language quoted makes the provision for disorganization applicable only to such rural high schools as had already been established. It could be held to apply to the school here involved only by adopting a construction that would give to the word "heretofore" the effect of "heretofore or hereafter." It is true that great liberality of interpretation of words indicating the period to which a statute relates is allowed for the purpose of carrying out the manifest will of the legislature. (*The State, ex rel., v. City of Lawrence,* 101 Kan. 225, 165 Pac. 826.) But we discover nothing in the present instance to suggest that the framers of the law in question desired to affect any schools excepting such as at the time of its passage had already been created. This court has recently refused to give to "heretofore" the force of "theretofore" even when that construction might have prevented a statute from being held unconstitutional. (*Patrick v. Haskell County,* 105 Kan. 153, 160, 181 Pac. 611.) The rule that a retrospective operation of a statute is disfavored is based largely upon the policy of avoiding in-

terference with antecedent rights, and in any event could be of no aid here, because whether the statute has a prospective operation or not, it does explicitly affect districts already created. It seems reasonable to suppose that the legislature intended to supply a means of disposing of schools which at the time of the enactment were known to have become dormant, rather than to adopt a practice which in effect would allow an immediate reconsideration whenever the people of a district might in the future vote to establish a rural high school.

We conclude that the legislature intended the provision regarding disorganization to apply only to districts which were in existence when it was enacted. This conclusion justifies the injunction against the election, and makes it unnecessary to consider any of the other questions that have been argued.

The judgment is affirmed.