No. 26,759.

T. B. MATHEWS, *Appellant,* v. RURAL HIGH SCHOOL DISTRICT No. 5
OF JOHNSON AND MIAMI COUNTIES, A. B. WESTHOFF, HOMER H.
NEFF and J. B. YOUNG, Individually and as Members of the School
Board of Said Rural High School District No. 5, *Appellees.*

SYLLABUS BY THE COURT.

1. SCHOOLS—*Organization of Rural High School Districts—Election.* In the
organization of a rural high-school district it is competent for the voters of
the proposed district to establish the district at an election duly held for
that purpose, and at a later election to designate the location or site of the
high-school building, and for the issuance of bonds to pay for the erection of
such building.

2. SAME—*Election—Bonds for Erection of Building—Designation of Site.*
Where the district in question owned a site which had been purchased as a
location for the school building adjoining the city of Spring Hill, and where
a notice of second election to vote bonds for the erection of the school
building stated that it was to be built on the ground owned by the district
adjoining the city of Spring Hill, the affirmative vote on the proposition
submitted was a sufficiently definite and valid designation of the site.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed
February 6, 1926. Affirmed.

*Joseph Taggart,* of Kansas City, for the appellant.
*S. D. Scott, J. W. Parker* and *G. A. Roberds,* all of Olathe, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by a taxpayer to enjoin the
school board from proceeding with the construction of a rural high-
school building on a certain site at Spring Hill. It appears that in
February, 1920, a petition of the electors was presented to the board
of county commissioners asking it to call a special election to vote
on the proposition to establish and locate a rural high-school district,
composed of certain described territory. The petition specified the
location at Spring Hill. On March 1, 1920, the commissioners
granted the petition and ordered that a special election should be
held on March 26, 1920, to vote upon establishing and locating a
rural high school, the building therefor to be within the city of
Spring Hill. They caused the notice of election to be published and
posted, but the notice omitted any mention of the city of Spring Hill

Schools and School Districts, 35 Cyc. pp. 932 n. 83, 933 n. 1, 2.

as the location or site of the high school at that place. The election was held and the commissioners found that a majority of the votes cast were in favor of establishing such rural high-school district and declared that the district was established. In May, 1921, the school board purchased twenty acres of land in and adjoining the city of Spring Hill, as a site for a high-school building for which $7,000 was paid. No steps were taken towards the erection of a school building or the issuance of bonds therefor until July 26, 1925. At that time an election was held to issue bonds to build a schoolhouse, and the notice of the election included the specific proposition that the schoolhouse was to be built on the land owned by the district adjoining the city of Spring Hill. The proposition was carried by the votes of the people at the election and shortly afterwards bonds were issued and sold. A contract was let to build the schoolhouse and the work begun on the construction of the building before any question was raised. The question that is raised now is that there was no effective vote fixing the location or site of the building at Spring Hill. The location or site might and doubtless would have been fixed by the vote cast at the first election if the matter of location had been included in the notice of election. The result of the omission was that nothing more than the establishment of the district was determined at that election. Under the statute all the propositions including establishing, locating and voting of bonds to provide means for a school building, might have been submitted at a single election if proper notice of the propositions had been given. (R. S. 72-3502.) However, it was competent for the voters to first determine the single question whether a district should be established and leave to a later election the propositions of location or site of the building and the issuance of bonds to pay for its erection. (*Reynolds v. High School District,* 101 Kan. 231, 165 Pac. 860.) In the later election as already shown there was submitted to the voters with the proposition to vote a stated amount of bonds for the school building, the other proposition that the high school was to be built on the location owned by the district adjoining the city of Spring Hill. A site for the school building had been purchased and set apart by the board more than four years before that election. Shortly after the purchase of the site a levy was made on the property in the district to pay the price of the site, $7,000, and this tax had been paid by the taxpayers of the district without complaint.

The location of the site was necessarily well known to the voters and the notice that the schoolhouse was to be built on the ground owned by the district adjoining the city of Spring Hill, brought the question of site directly to the attention of the voters, and that site was definitely fixed by the affirmative vote. In a case where a district had been established and later an election was held to vote bonds for a high-school building "upon a suitable site to be selected in Reese, Greenwood county, Kansas," it was held that the site was designated with sufficient definiteness and the vote approving it valid. (*Stanhope v. Rural High School District*, 110 Kan. 739, 205 Pac. 648.) In another case a notice for an election defined the site as within Ozawkie, Kan., and it was held to be sufficiently definite. (*Miely v. Metzger*, 97 Kan. 804, 156 Pac. 753.) In *School District v. Davis*, 99 Kan. 185, 160 Pac. 1008, where the validity of an election fixing the location of a site for a high-school building was involved, it was said that:

"The legislature did not intend that the precise spot upon which the building was to stand should be stated in the petition, but that it would be enough if the municipality, district, neighborhood or locality within which the building was to be erected was stated." (p. 186.)

It was therefore held that the fixing of the location as "within or close to the village of Rantoul," was sufficient to meet the requirements of the statute.

We conclude that in the second election the voters of the district legally expressed their approval of the location or site of the high-school building and therefore the injunction was properly refused.

The judgment is affirmed.