No. 28,855.

THE STATE OF KANSAS, ex rel. WILLIAM A. SMITH, Attorney-general, *Appellant*, v. RURAL HIGH-SCHOOL DISTRICT No. 4 IN OTTAWA COUNTY et al., *Appellees*.

(278 Pac. 721.)

Opinion filed July 6, 1929.

*William A. Smith*, attorney-general, *David Ritchie*, of Salina, and *F. D. Boyce*, of Minneapolis, for the appellant.

*L. A. McNalley*, of Minneapolis, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action in quo warranto by the state on the relation of the attorney-general for the purpose of testing the legality of the organization of rural high-school district No. 4 in Ottawa county and to enjoin the defendants from taking further steps in conducting the business of such school district. The trial court, after a hearing on the merits, made findings of fact and rendered judgment for defendants. The plaintiff has appealed.

The facts are not seriously controverted and may be thus stated: On February 20, 1928, there was presented to the board of county commissioners of Ottawa county a petition conforming to the statute (R. S. 72-3501 *et seq.*) to call a special election for the purpose of voting on the proposition of establishing and locating a rural high school at Ada, Kan., to include the territory described in the petition. These petitions were considered by the board of county commissioners and the boundary lines approved. There was also

presented an enumeration of the qualified electors in the proposed district. The board of county commissioners found the petitions and enumeration to be in due form, and set March 29, 1928, as the date for election, named the judges and clerks of the election, and ordered the county clerk to have notice of the election given and to have ballots printed. In the rural high-school district proposed there were five schoolhouses of common-school districts. Notices were regularly posted on the doors of four of the schoolhouses, but on one of them the notice was posted on the side of the building about a foot from the door. The undersheriff, when he went to the schoolhouse to put up the notice, found the door open and thought it was not in use, and that the notice would better serve its purpose by being tacked to the side of the door. The door was in fact in use, and had the notice been tacked on it, it would have remained there as well as on the side of the building.

The notices were that a special election would be held within the proposed high-school district at Ada, in Ottawa county, commencing at 8 a. m. and closing at 6 p. m., March 29, 1928, for the purpose of voting upon a proposition of establishing and locating a rural high-school district, including certain territories, which it described. A similar notice was published in the newspapers. The ballot prepared was with respect to the adoption of the "proposition to establish a rural high-school district in the following described territory" (describing the same). A majority of the votes were cast in favor of the proposition. On April 3, 1928, the county superintendent issued a call for an election to be held April 6, 1928, at Ada, in the rural high-school district, at which election the officers of the school district were elected. On June 30, 1928, the board of the rural high-school district called a special meeting of the electors, to be held on July 17, for the purpose of locating the school of the district. Notices of that meeting were given. The meeting was held, and at the meeting the electors located the schoolhouse for the rural high-school district on the west half of a certain block in Ada. The population of Ada is about 175, and there is no town, city or village other than Ada in the territory of the proposed high-school district.

It will be noted from the recital of facts above made that the petitions first presented to the county commissioners asked the commissioners to call a special election for the purpose of voting on the proposition of "establishing and locating a rural high school at Ada,

Ottawa county, Kan.," with certain boundaries, and that the notices of the election posted and published submitted only the proposition of establishing and locating by the boundaries described the rural high-school district and did not mention the location as being at Ada, Kan.

The first point made by appellant is, the notices and ballots for this election should have designated Ada, Kan., as the location of the high-school building. We do not regard the point as being well taken, and think it did not render void the election so far as establishing the district with the designated boundaries was concerned. The situation is very much like that presented in the case of *Mathews v. Rural High-school District,* 120 Kan. 347, 242 Pac. 1016. There the notice of election omitted any mention of the location of the site of the high-school building, although the petition had specified the location as Spring Hill. It was held to be competent for the voters to first determine the single question whether a district should be established and leave to later appropriate action the propositions of location or site of the building and the issuance of bonds to pay for its erection. Earlier cases are there cited. From this it necessarily follows that there was nothing illegal in the election for the establishment of the rural high-school district by reason of the fact that the site of the building to be used for school purposes was not determined at the same election. The site for the building to be used for school purposes was later determined by appropriate action of the district itself. If no site was selected when the district was organized, then the district has the power to select the site for the building. (*Reynolds v. High-school District,* 101 Kan. 231, 233, 165 Pac. 860.)

Appellant argues that the election establishing the rural high-school district was void for the reason that the notice was tacked not on the door of one of the schoolhouses, but on the side of the building near the door. There is no showing or intimation that anyone was misled by this fact, or could reasonably have been misled by it, and we regard the point as being without substantial merit. Appellant points out that the cases of *Reynolds v. High-school District* and *Mathews v. High-school District,* supra, were actions brought by taxpayers who, under the statute, are not authorized to maintain an action to enjoin official conduct which does not affect their taxes; that this rule does not apply to the situation, for the state, on the relation of the attorney-general or the county attor-

·ney, is the proper party plaintiff to inquire into the regularity of official conduct. The point is well taken, but it avails the plaintiff nothing here, for irregularities here complained of are not of a character which render the action taken illegal or improper.

Finding no error in the case, the judgment of the court below is affirmed.