No. 42,598

C. H. WATTERS, et al., *Appellants*, v. THE JOINT RURAL HIGH SCHOOL DISTRICT No. 5, SALINE & ELLSWORTH COUNTIES, KANSAS, A Body Corporate & Politic, THE STOCKYARDS NATIONAL BANK OF WICHITA, a Banking Corporation, GEORGE TEWKSBERRY, and FRANK BUSBOOM and JOE R. RAUH, Doing Business as BUSBOOM AND RAUH, *Appellees*.

(378 P. 2d 1021)

Opinion filed March 2, 1963.

*F. C. Norton* and *J. E. Norton,* both of Salina, argued the cause, *R. E. Blackwell,* of Salina, was with them on the brief for the appellants.

*Rudolph Barta,* of Salina, argued and cause, and *Ronald Barta,* of Salina, was with him on the brief for the appellees, The Joint Rural High School District and George Tewksberry.

*William P. Timmerman,* of Wichita, argued the cause and was on the brief for the appellee, The Stockyards National Bank of Wichita.

*Howard G. Engleman,* of Salina, argued the cause, and *E. S. Hampton, H. H. Dunham, Jr., John Q. Royce, C. Stanley Nelson, Jack N. Stewart* and *Tom W. Hampton,* all of Salina, were with him on the brief for the appellee, Frank Busboom and Joe H. Rauh, d/b/a Busboom and Rauh.

The opinion of the court was delivered by

Price, J.: This was an action by electors of a joint rural high-school district to declare a school-bond election void and to permanently enjoin certain of the defendants from issuing bonds, and for other relief.

Plaintiffs have appealed from an order sustaining separate demurrers to their second amended petition.

The background of the matter is this:

On June 15, 1960, an application was made to the state school fund commission requesting an order authorizing the school board to call a bond election in excess of the limitations set out in G. S. 1959 Supp. 72-2017. The amount of bonds to be issued was $198,000, of which the sum of $39,082.78 was in excess of the statutory limit. The request was granted (G. S. 1959 Supp. 75-2315, *et seq.*). Pursuant to such authority the board called an election and notice thereof was given—the legality of which is not questioned. The election was held on July 15, 1960. The vote was 120 in favor of the bonds and 68 against—with two unmarked ballots.

On July 20, 1960, the board passed a resolution authorizing the issuance of bonds in the amount of $198,000. On August 15, 1960, they were registered in Ellsworth and Saline counties. The next day the bonds were taken to the attorney general and state auditor. The bond transcript included a "nonlitigation" certificate. On the morning of August 17, 1960, the bonds were registered, were not purchased by the school fund commission, and were released by the state auditor's office. By four o'clock p. m. of that day they were in the hands of defendant bank in Wichita, and within thirty minutes thereafter all of them had been sold to purchasers or holders in due course.

This action was commenced on August 15, 1960, but defendant bank was not served with summons until August 18, 1960.

On September 17, 1960, an amended petition was filed.

On January 20, 1961, plaintiffs filed their second amended petition, in which they named additional parties defendant—namely, Tewksberry, the architect, and Busboom and Rauh, the contractors —of the school building.

There is no occasion to detail the allegations of the second amended petition or of the two earlier petitions, and it is sufficient to say that they alleged certain "irregularities" in proceedings leading up to the calling of the election, concerning the election, and the subsequent issuance, registration and sale of the bonds. The relief sought is best shown by quoting the prayer of the second amended petition:

"WHEREFORE, Plaintiffs pray that the Defendant School District and its agent, The Stockyards National Bank, be finally and permanently enjoined from issuance of purported bonds under and by virtue of Sections 72-2017, 72-2018, 75-2315, to 75-2318, inclusive, G. S. 1959 Supp., and pursuant to purported orders and a purported election all of which are void and ineffective. That Defendant, The Stockyards National Bank, be ordered to deliver all of the original records pertaining to said purported election to the Clerk of the School Board of Defendant School District; that the Defendant Bank be ordered to take up the bonds sold by it and return them to the Saline County Treasurer; that Defendants, Tewksberry and Busboom and Rauh, and all other persons receiving payment from the proceeds of the sale of the void school bonds, be ordered to re-pay to the Saline County Treasurer, all sums received by them with interest for the period that said sums are held; that the taxes imposed and paid for the payment of said school bonds be returned to the property owners in the school district who paid the same, either by a tax credit against the second installment of the 1960 taxes, or by cash refund. That any damages or shortages incurred in re-payment of said taxes and re-calling said bonds shall be adjudged against the Defendants as the Court shall deem just and equitable; for the costs of this action; and for such other equitable relief as the Court deems just and equitable."

There are at least two reasons why the demurrers were correctly sustained.

The reasonable inferences to be drawn from the second amended petition (in fact, upon oral argument of the appeal they were conceded) are that the bonds have been sold and are in the hands of holders in due course; the money realized from their sale has been spent; the defendant architect and contractors have been paid; the school building has been built and is in use; a tax levy for the bonds has been made throughout the district, and taxes have been collected.

At no time did plaintiffs secure a restraining order to halt the issuance of the bonds, and there can be no question but that where, as here, the bonds are issued and sold to third parties it is too late to call upon a court of equity to enjoin their issuance or to ask that they be returned.   G. S. 1949, 10-112, reads:

"All municipal bonds shall constitute a general obligation of the municipality issuing the same and shall recite the authority under which they are issued and that they are issued in conformity with the provisions, restrictions and limitations thereof and that such bonds and the interest thereon are to be paid by such municipality, and *such recital when said bonds have been duly registered as herein provided, shall import absolute verity and shall be conclusive in favor of all persons purchasing said bonds, that all proceedings and conditions precedent have been had and performed to authorize the issuance of such bonds and such bonds shall be negotiable."*   (Emphasis supplied.)

In *State, ex rel., v. McCombs,* 129 Kan. 834, 284 Pac. 618, it was said:

"Technical questions as to the validity of a bond issue should be raised early or waived—for the good of the municipality itself as well as for the protection of those who invest in the bonds."   (p. 842.)

See also *Citizens Utilities Co. v. City of Goodland,* 146 Kan. 172, 176, 69 P. 2d 318; *City of Kanopolis v. Mountain,* 147 Kan. 322, 325, 76 P. 2d 803, and *Drenning v. City of Topeka,* 148 Kan. 366, 372, syl. 3, 81 P. 2d 720, 117 A. L. R. 884.

Furthermore, nowhere in the second amended petition is it alleged that the "irregularities" complained of could have or would have changed the result of the bond election.   In *Stanhope v. Rural High-school District,* 110 Kan. 739, 205 Pac. 648, it was said:

"We have often held that irregularities in elections, where there had been departures from directory provisions of the statute, did not vitiate such elections where such irregularities did not frustrate or tend to prevent the free expression of the electors' intentions, nor otherwise to mislead them."   (p. 744.)

In *Bishop v. Sewer District No. 1,* 184 Kan. 376, 336 P. 2d 815, it was said:

"It has long been the rule in this jurisdiction that in challenging the results of an election plaintiffs must plead and prove the irregularities complained of changed the result of the election.   (Citing.)"   (p. 382.)

The separate demurrers to the second amended petition were correctly sustained, and the judgment is affirmed.