The opinion of the court was delivered by
Valentine, J.:
1. Pleading; demurrer. This is an original action in this court in the nature of quo warranto. The only question necessary to be determined is, whether the county of Pawnee has a valid organization as a county, or not. The question arises uPon a consideration of the plaintiff’s petition, the defendants’ answer, and the plaintiff’s demurrer to the answer. The ground of the demurrer is, that the answer does not state facts sufficient to constitute a defense to the plaintiff’s action. Such a demurrer must always be carried back to all the prior pleadings, and be sustained as to *438 the first pleading that is subject to a defect such as is complained of by the demurrer. (Anthony v. Halderman, 7 Kas., 61; Hunt v. Bridge Company, 11 Kas., 433.) If the petition should not state facts sufficient to constitute a cause of action the demurrer should be sustained as against it, and not as against the answer. We shall therefore take into consideration both the sufficiency of the petition and of the answer.
The county of Pawnee was established in 1868. (Gen. Stat., 243, § 57.) During the months of September, October, and November, in the year 1872, an attempt was made to organize said county under the then existing laws of Kansas. (Gen. Stat., 249; Laws of 1872, p. 243.) A de faeto organization was effected, with a full set of county officers, and with all the paraphernalia of a legally-organized county. On November 4th, 1872, the governor proclaimed that the county was fully organized. From that time up to the present it has exercised all the powers and duties of a legally-organized county. On March 4th, 1873, while said county had a de faeto existence as an organized county, the legislature recognized its organized existence by detaching it for judicial purposes from the county of Ellis, and authorizing district courts to be held in said Pawnee county. (Laws of 1873, p.165, §§ 1, 2, 3, 7.)

2. organization of new counties.

*439
3.Legislative recognition.

*438 It is claimed that said Pawnee county has no valid organization on account of fraud and irregularities in its organization. We shall not stop to inquire whether the . organization was originally valid or not, tor as there was a complete organization de faeto, we think the recognition by the legislature of that organization cured the supposed fraudulent and defective organization, and the county from that time forward .became a legally-organized county. The whole power of organizing new counties belongs in this state to the legislature. (Const., art. 2, § 1, and art. 9, § 1.) It may provide for their organization by general law, and through the intervention of the governor, or of any other officer, agent, commissioner, or person it may choose; or it may directly organize a new county itself by special act. *439 The provision of article 12 of the constitution has no application to counties, as counties. (Beach v. Leahy, 11 Kas., 23.) It may organize a county with six hundred inhabitants, or with any number, more or less than six hundred. It may organize a county whenever there shall be a sufficient number of persons to hold the county offices, and the legislature may provide for a less number of county officers than the usual number. (Borton v. Buck, 8 Kas., 308; Leavenworth County v. The State, 5 Kas., 688.) Therefore, as the matter is within the control of the legislature, we think the recognition by the legislature of said de facto organization had the effect to make such organization valid, at least from and after such recognition. (Jameson v. The People, 16 Ill., 257; Kanawha Coal Co. v. Kanawha & Ohio Coal Co., 7 Blatchford, 391, 406; Syracuse City Bank v. Davis, 16 Barb., 188.) It is a general principle of almost universal application, that whenever a state, county, corporation, partnership, or person has power originally to do a particular thing, it also has .the power to ratify and make valid an attempted effort to do such thing, although the the same may have been done ever so defectively, informally, or even fraudulently in the first instance. This principle is so elementary in its nature that it requires no citation of authorities to uphold it. Now, this action is prosecuted in the name of the state, and for the benefit of the state, by the attorney-general; but as the state, through its proper agents — the legislature — has already recognized said organization as valid and binding, and has thereby ratified the same, all the other departments, officers, and agents of the state must also recognize said organization as valid and binding. We suppose that no question will be raised as to whether the legislature did recognize the organization of said county, or as to the extent of that recognition. The records of the organization of said county were regular, formal, and valid upon their face. The governor had already recognized the organization as valid, and had proclaimed it to be valid, and complete. And the legislature then provided for holding *440 terms of the district court in said county. Now, if the county had really not been organized, there would have been no county officers, and no term of the district court could have been held in that county. There would have been no sheriff to serve writs, and preserve order in the court-room; no clerk of the district court to enter the proceedings of the court; no county commissioners to furnish a room in which to hold court, nor to furnish stationery, fuel, etc., for the court, and no county attorney to prosecute and defend for the public. Besides, where would the money have come from to pay the expenses of the court, to pay for fuel, to pay jurors’ fees, etc.? There would have been no assessors to assess property, no county clerk to make out the tax-list, no treasurer to collect the taxes. And who would draw the jurors? and who summon them, etc.? The language used by the legislature in establishing a district court in Pawnee county clearly shows that the legislature intended to recognize the organized existence of Pawnee county. For instance, § 2 of the act provides that “courts are hereby established in the counties of Chase, Marion, Harvey, Reno, Rice, Barton, Pawnee, and Ford; and in the counties of Hodgman, Kingman, Harper, Barbour, Comanche, Kiowa, Clark, Pratt, and Stafford, or in the other counties west of Ford and Clark, as soon as the same shall be organized.” (Laws of 1873, p. 165.) But if district courts cannot be held in Pawnee county, then what are the people of that county to do? The county has been detached from Ellis county, the county to which it was formerly attached for judicial purposes, and has not been attached to any other county for judicial purposes. If district courts cannot be held in Pawnee county, then the people of that county are wholly deprived of the benefit of courts. Is it not clear, beyond all question, that the legislature intended that said organization should be considered as valid and binding? ■
The demurrer interposed to the answer is carried back and sustained as to the petition, and judgment will be rendered in ofavor of the defendants for costs.
All the Justices concurring