No. 36,848

Gilbert Piper, *Appellee* and *Cross-appellant*, v. James H. Moore, Jr., Lloyd Price, B. A. Breon, H. C. Simpson and Al Noyce, as Members of the Board of Commissioners of the City of Salina; E. J. Allison, as City Manager, and Edgar Heyl, as Chief of Police, etc., *Appellants.*

(183 P. 2d 965)

James P. Coleman, judge pro tem.

Opinion filed August 22, 1947.

*James P. Mize,* of Salina, argued the cause, and *C. L. Clark,* of Salina, was with him on the briefs for the appellants.

*G. A. Spencer,* of Salina, argued the cause, and *W. S. Norris,* of Salina, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This is an injunction proceeding wherein the plaintiff seeks to restrain the defendants, officials of the city of Salina, from enforcing the original zoning ordinance enacted by the governing body of that municipality in November, 1925. Under the pleadings plaintiff contends the ordinance is void and, in the alternative, that if it be adjudged valid the business he is conducting in a garage located upon property owned by him, and conceded to be within the limits of the zoning district on all dates in question, is not within its prohibition. Defendants claim such ordinance is valid

and that plaintiff has been violating its provisions. By cross petition they pray that plaintiff be enjoined from using such garage in violation of its terms.

With issues thus joined the cause came on for trial. After hearing the evidence the trial court, having been requested by the parties to do so, made findings of fact and conclusions of law.

The findings of fact, which we have examined and approve as supported by substantial competent evidence, set forth the material facts to be gleaned from a somewhat cumbersome and tedious record in the most concise manner possible under the circumstances and will suffice for a statement of the factual situation upon which the issues depend when quoted *in toto.* They read:

"1. The plaintiff, Gilbert Piper, first became a resident of the City of Salina in January, 1936, and has resided there ever since.

"2. The defendants, James H. Moore, Jr., Lloyd Price, B. A. Breon, H. C. Simpson and Al Noyce are the members of the Board of Commissioners of the City of Salina, Kansas, a city of the first class, operating under the Commissioner-Manager form of Government; and the defendant E. J. Allison is the City Manager, and the defendant Edgar Heyl is the Chief of Police of said city.

"3. The plaintiff, Gilbert Piper, is the owner of Lots Seventeen (17) and Nineteen (19) in Block Twenty-three (23) of Episcopal Military Institute Addition to the City of Salina, he having acquired the title to Lot Seventeen (17) on May 4, 1943, but had been the owner of an equity, therein since May, 1937. For a number of years prior to July 11, 1944, he had occupied Lot Nineteen (19) as a tenant, and acquired the title to said lot on the latter date. These two lots are contiguous and constitute one tract of land eighty by one hundred and forty feet, with an eighty foot frontage on Seventh Street and 140 foot frontage on Otis Street. Plaintiff's dwelling house is located on Lot Seventeen (17). On Lot Nineteen (19) plaintiff has constructed a garage 25.5 feet by 31.5 feet and 13 feet high. This garage is located to the rear of said lot and more than fifty feet from the front of said lot on Seventh Street, and occupies less than 30% of the rear yard of the main building.

"4. The plaintiff, Gilbert Piper, has entered into an oral arrangement with the management of the Salina store of Sears Roebuck and Company whereby plaintiff installs reconditioned motors in Ford, Chevrolet and Plymouth automobiles, for customers of the Sears Roebuck and Company. Such motors are sold by the Sears Roebuck and Company to their various customers on both cash and credit bases, and when such sales are on a cash basis, the customer pays plaintiff direct for his services in installing such motor in the customer's automobile, but when the sale is on a credit basis the Sears Roebuck and Company pays the plaintiff for his services in making such installation. Plaintiff receives the sum of $27.50 for installing a Ford motor block and $30.00 for installing a Chevrolet or Plymouth motor block. All of the work is done in the garage described in Finding No. 3 above. Plaintiff has on several occasions employed other persons to assist him in the work in such installations.

"5. Plaintiff has been regularly employed at the Smoky Hill Army Air Base, having civil status, and during the Spring and Summer of 1946 had made the installations described in Finding No. 4 during the evenings and at such time as he was not required to be on duty at the Air Base, but at the time of the trial he was no longer employed at the Air Base, but expected to be recalled.

"6. All sales of reconditioned motor blocks by the Sears Roebuck and Company are made with a guarantee of performance of the said motor block on condition that the said blocks are installed by a mechanic approved by the Sears Roebuck and Company. Plaintiff is the only mechanic in Salina who has been approved to do such work by the Sears Roebuck and Company.

"7. On March 2nd, 1925, the Governing Body of the City of Salina, Kansas, passed ordinance No. 3083, which provides for the creation and the appointment of the members of a Planning Commission. This ordinance is in evidence marked, Exhibit No. . .

"8. On October 19, 1925, the Governing Body of the City of Salina, Kansas, passed ordinance No. 3174, which was an ordinance providing for and requiring the recommendation by the City Planning Commission to the Board of Commissioners of the City of Salina of the boundaries of certain zones or districts into which such city shall be divided for the regulation and restriction of the location of trades and industries and the location, erection, alteration and repair of buildings designed for specified uses, and the uses of land within each such district or zone; providing for the submission of a tentative report by said Planning Commission and for public hearings thereon and for the submission of a final report thereafter. This ordinance is in evidence, and printed copy attached to defendant's Answer.

"9. Such ordinance required the submission of a tentative report of the City Planning Commission on or before the 26th of October, 1925, and directed the holding of public hearings before the said Planning Commission at the public meeting room of the Board of Commissioners at the City Hall of the City of Salina on October 29th and 30th, 1925, commencing at the hour of 5:00 o'clock P. M. of each of said days, having first given public notice of the time and place of such hearings by notice published in a newspaper of general circulation in the City of Salina, such notice to be published at least three days before the date of the first hearing, and that final report be filed by said Planning Commission with the said Board of Commissioners on or before November 2, 1925.

"10. On October 26, 1925, the said planning Commission met and authorized the submission to the Board of Commissioners of the City of Salina of a tentative report, as provided in Ordinance No. 3174, and ratified and approved the action of its chairman in giving notice by publication in the Salina Journal of public meetings of the City Planning Commission to be held at the City Hall on October 29th and 30th at 5:00 P. M. on each day for the purpose of hearing objections to said proposed ordinance, pursuant to the requirements of said Ordinance No. 3174.

"11. The only notice of the hearings of the City Planning Commission on its tentative report, which were held on October 29th and 30th, 1925, was published in the Salina Journal, a newspaper of general circulation in the City of

Salina, on October 27, 1925, and no other notice was at any time published concerning said hearings.

"12. On October 29th and 30th, 1925, at the time and place specified in said ordinance No. 3174, the Planning Commission met for the purpose of hearing objections to said proposed ordinance, and no one appeared to protest or present objections or recommendations to the tentative report. The Planning Commission thereupon made certain changes and amendments, adopted their final report and recommendation to the Board of Commissioners, and the same was filed with the Board of Commissioners.

"13. On the 23rd day of November, 1925, the Governing Body of the City of Salina enacted Ordinance No. 3188, submitted by the Planning Commission as its final report and recommendation, which was duly published in the official city paper on December 1, 1925. A copy of said ordinance is attached to defendant's answer and cross-petition.

"14. Since December 1, 1925, the defendants and their predecessors in office have treated said ordinance as valid, and the same has not been attacked.

"15. Ordinance No. 3188 defines a private and public garage as follows:

"Private Garage. A garage with a capacity for not more than four (4) steam or motor-driven vehicles, of which not more than one (1) may be a commercial motor vehicle or (of) not more than two (2) tons capacity.

"Public Garage. Any premises used for housing or care of more than four (4) steam or motor driven vehicles, or where any such vehicles are equipped for operation, repaired, or kept for remuneration, hire or sale; not including exhibition or show rooms for model cars.

"16. The garage described in Finding No. 3 has a capacity for not more than four steam or motor vehicles.

"17. The plaintiff does not sell or keep for sale on the premises described in Finding No. 3 any goods, wares or merchandise of any kind or character, except the motors sold by Sears Roebuck and Company, which are delivered to plaintiff's garage by Sears Roebuck and Company, installed in customer's automobiles by plaintiff, and the old motors removed from customer's cars are crated by the plaintiff and removed from plaintiff's garage by the carrier for shipment; all of which is done at the garage of plaintiff described in Finding No. 3. Plaintiff has nothing to do with the sale of said motors, other than as described in this finding."

The trial court's conclusions of law, based upon its factual findings, read:

"1. The plaintiff is and has been conducting a public garage as defined by Ordinance No. 3188, Section 1.

"2. The defendants would be entitled to an injunction in their cross-petition, and for finding No. 3 following.

"3. By reason of failure to comply with the ordinance fixing time for hearing, the subsequent proceedings were void and ordinance No. 3188 is void.

"4. The plaintiff is entitled to an injunction as prayed for."

Following the filing of its findings of fact and law, subsequently by specific reference made a part of its decree, the trial court ren-

dered judgment holding the zoning ordinance in question void and enjoined the defendants from enforcing its terms and provisions as against the plaintiff. The defendants appeal from the general judgment, including the action of the trial court in making conclusions of law 3 and 4. The plaintiff has cross-appealed, his contention being that conclusions of law 1 and 2 are erroneous.

Hereafter, for purposes of convenience although contrary to our usual practice, we shall refer to the appellee and cross-appellant as the plaintiff and to the appellants and cross-appellees as the defendants.

A careful and painstaking examination of the record reveals there are actually but two decisive questions raised by the appeal. They can be stated thus: (1) Is zoning ordinance No. 3188 of the city of Salina void? (2) If such ordinance is enforceable was the plaintiff, on the date of the filing of the action, violating its terms and conditions by using the garage located on his property for the purposes and in the manner found by the trial court in its findings of fact?

At the outset it should be stated there is no question but what the city of Salina had power and authority under the statutes of this state to enact a valid zoning ordinance on the 23d day of November, 1925, and conceded that when it first attempted to legislate upon that subject by passing ordinance No. 3188, the statutory provisions then in force and effect, with respect to all matters here material, are now to be found in G. S. 1935, ch. 12, art. 7. On the date in question Salina had a city planning commission and R. S. 1923, 13-1102, now G. S. 1935, 12-708, prescribing the procedure necessary for the lawful establishment of a zoning district in that city, read as follows:

"In a municipality having a city planning commission created pursuant to law, the governing body shall require such commission to recommend the boundaries of districts and appropriate regulation to be enforced therein. Such commission shall make a tentative report and hold public hearings thereon at such times and places and upon such notices as said governing body shall require before submitting its final report. The governing body shall not determine the boundaries of any districts nor impose any regulations until after the final report of such city planning commission. In any municipality where there is no city planning commission in existence, the governing body may appoint either a committee or special commission, which ever it deems most suitable, to exercise the powers given to the city planning commission under this section. After such final report is submitted to the governing body, and final adoption of regulations by the governing body, the governing body may from time to time amend, supplement or change the boundaries or regulations contained in

such final report: *Provided,* Such proposed change shall first be submitted to the city planning commission or special committee of commission, for recommendation and report: *And provided further,* That not less than thirty days' notice of any such proposed change shall first be published in the official newspapers of such municipality and a hearing be granted to any person interested at a time and place specified in such notice. If, however, a protest against such amendment, supplement, or change be presented, duly signed and acknowledged by the owners of twenty per cent or more of any frontage proposed to be altered, or by the owners of twenty per cent of the frontage immediately in the rear thereof, or by the owners of twenty per cent of the frontage directly opposite a frontage proposed to be altered, such amendment shall not be passed except by at least four-fifths vote of the council or board of commissioners."

Likewise, it should be pointed out that here the plaintiff makes no claim of fraud or bad faith in the enactment or administration of the challenged ordinance and does not argue or contend that any of its provisions, as applied to his specific property are unreasonable, oppressive or arbitrary.

Baldly stated, plaintiff's contention the zoning ordinance is void is based solely upon the proposition that failure of the city planning commission to give three days' notice by publication of the public hearings conducted by that body on October 29 and 30, 1925, as required by the terms of ordinance No. 3174, made ordinance No. 3188, when enacted by the governing body (the board of commissioners) of the city of Salina on the 23d day of Novembr, 1925, wholly void and unenforceable, notwithstanding it was duly published in the official city paper on December 1, 1925.

It must be remembered that under the requirements of G. S. 1935, 12-708, the governing board of the city was not required to give any directions to the planning commission of the kind of notice to be given of hearings preliminary to the adoption of an original zoning ordinance. We so held in *Moore v. City of Pratt,* 148 Kan. 53, 79 P. 2d 871. There a contention public notice of the hearings on a proposed zoning ordinance were not held as required by law was definitely rejected under circumstances and conditions affording far less protection to property owners, so far as notice was concerned, than is to be found in the case at bar. At page 57 of the opinion in that case we said:

". . . the statute above quoted makes it discretionary with the city commission what, if any, directions it shall give to the planning commission. A careful reading of the statute discloses that it is not specifically required to give any directions to the planning commission on this point."

In fairness to plaintiff it should be stated he concedes that in the

enactment of the section of the statute just cited the legislature did not make any definite requirement as to publication of notice of hearings prior to the adoption of an original zoning ordinance but left that matter to the discretion of the governing body of the city and reposed in it the right to determine what notices should be given and what hearings should be held by the planning commission. His point is that since the governing body, prior to the enactment of the ordinance in question, exercised its discretion by requiring three days' notice of the planning commission's hearings strict compliance with that requirement was not only an essential prerequisite to the commission's right to hold public hearings and make its final zoning report but a condition precedent to the power and authority of the governing body itself to enact the involved ordinance.

Plaintiff's position cannot be upheld for a number of reasons.

In the first place his contentions with respect thereto overlook the fact that under the provisions of G. S. 1935, 12-708, it is the holding of public hearings, not the length of time notice of such hearings is published, that confers jurisdiction on a city having a planning commission to enact a valid original zoning ordinance. Support for this conclusion is to be found in the opinion in *Moore v. City of Pratt,* supra, where we said: "From this record it cannot fairly be said there were no public hearings respecting the proposed ordinance by the planning commission." (p. 56.) Conceding as we must, the planning commission failed by one day to give notice of its hearings for the length of time directed by the governing body of the city what was the situation on the date the ordinance in question was enacted. By ordinance No. 3174, duly published in the official city paper on October 24, 1925, more than three days prior to the date of the first public hearing of the commission, the public had been notified that body would hold public hearings for the consideration of objections on its tentative zoning report at the public meeting room of the board of commissioners in the City Hall in the City of Salina on October 29 and 30, 1925, commencing at the hour of 5 p. m. on each of said days. A similar notice was published by the planning commission on October 27. Public hearings were held by the commission at the time and at the place stated in each such notice although but two days had elapsed between October 27, the date of the commission's publication, and October 29, the date of its first hearing. Notwithstanding, no member of the public appeared to protest or make objections to its tentative report on either

October 29 or 30. Thereupon, the commission promptly submitted its final report and thereafter, on November 23, the governing body of the city enacted ordinance No. 3188, published as heretofore stated on December 1, the very preamble of which ratifies and approves the public notice of the public hearings afforded the public by the commission.

In view of the foregoing conditions and circumstances, with an undisputed record clearly showing public hearings respecting the proposed ordinance were actually held by the planning commission, pursuant to the notices heretofore mentioned, and disclosing that interested parties not only had approximately three weeks in which to challenge the validity of the proceedings on which the ordinance as enacted was based, but at least one week in the interim between its enactment and its publication, to attack the validity of the ordinance itself before it became effective (see G. S. 1935, 13-1419), we find no solid basis for holding the defect in the notice of hearings published by the planning commission was sufficient to vitiate its proceedings or deprive the city governing body of power and authority to enact the zoning ordinance in question or render such ordinance invalid. In so holding we do not overlook plaintiff's argument that under our decisions (*Ford v. City of Hutchinson*, 140 Kan. 307, 37 P. 2d 39, and cases there cited), construing the force and effect of G. S. 1935, 12-708, thirty days notice of a hearing before the planning board is a prerequisite to the enactment of valid legislation amending or otherwise changing a zoning ordinance already in force and effect. Quite true. However, it is to be noted, such decisions are based upon the proposition that an express legislative fiat as to the giving of notice of hearings of a proposed change in zoning controls city officials in the enactment of municipal legislation on that subject and are not decisive of a situation where, as here, the legislature has vested the city governing body with discretionary power in the matter of giving notice preliminary to the adoption of an original zoning ordinance.

A second reason for refusing to uphold plaintiff's position is to be found in the early case of *State, ex rel., v. Comm'rs of Sherman County*, 39 Kan. 293, 18 Pac. 179, and our recent decision in *City of Wichita v. Robb*, 163 Kan. 121, 179 P. 2d 937. Heretofore we have referred to the fact that notice of the meetings to be held by the planning commission was given by the city through publication of ordinance No. 3174. That notice was followed by publication

of the commission's notice, sufficient in all particulars except for the fact it gave but two full days' notice of its first public hearing instead of three as directed by the city governing body. The notice given by the city through publication of its ordinance and the commission's official notice were each signed by appropriate city officials and were official city publications. Reasoning analogous to that to be found in the two decisions just cited compels the conclusion that publication of the ordinance followed by the official planning commission publication, irrespective of its deficiency, constituted at least three days' notice prior to the date of the commission's first hearing and was sufficient compliance with the directive of the city governing body to withstand any claim that lack of legal notice by the planning commission rendered the subsequently enacted zoning ordinance void and inoperative.

Indeed, when the entire record is analyzed, we are of the opinion the doctrine of ratification in and of itself is a third ground for holding the plaintiff's position untenable. That power to take action includes the right to ratify was determined early in the history of jurisprudence in this jurisdiction.

In *State v. Comm'rs of Pawnee County*, 12 Kan. 426, we held:

"It is a general principle of almost universal application that whenever a state, county, corporation, partnership, or person has power originally to do a particular thing, it also has the power to ratify and make valid an attempted effort to do such thing, although the same may have been done ever so defectively, informally, or even fraudulently in the first instance." (Syl. ¶ 5.)

And at page 439 of the opinion in that case said:

". . . This principle is so elementary in its nature that it requires no citation of authorities to uphold it."

Our decision the challenged zoning ordinance was valid requires consideration of the question whether its terms and provisions permitted plaintiff to use his garage for the purpose for which the trial court found he was using it in findings 4, 5, 6 and 17, heretofore quoted. Plaintiff's contention is that his activities in connection with the installation of motor blocks in automobiles for customers of Sears Roebuck and Company is a home occupation within the meaning of that term as used in Section 8 "A" of the city zoning ordinance. Pertinent portions of that section read:

"Section 8. 'A' Residence District Uses. That in the 'A' Residence District as defined by Section Two hereof, no building or premises shall be used, and no building shall be hereafter erected or altered, unless otherwise provided in this ordinance, except for one or more of the following uses:

"1. One Family Dwellings.

"7. Accessory buildings incidental to the above uses and located on the same lot (not involving the conduct of a retail business) including one (1) private garage, private stable or community garage when located not less than fifty (50) feet from the front line or in a fireproof compartment as a part of the main building, and including also home occupations engaged in by the occupants of a dwelling not involving the conduct of a retail business on the premises. . . ."

We are not impressed with plaintiff's contention. Neither are we inclined to labor the issue. It will suffice to say that in our opinion the installation of reconditioned motor blocks in automobiles in the manner and under the conditions and circumstances described in the findings to which we have referred is not a home occupation under the provisions of Section 8 "A." On the contrary, in the carrying on of that business in his garage, plaintiff was using it as a place where motor driven vehicles were not only equipped for operation but repaired for remuneration. He was therefore using such building for purposes of a public garage as that term is defined in the ordinance (see finding 15), a use not permitted by its terms and provisions.

What has just been said, since that question is an issue, necessarily compels an additional conclusion that plaintiff's use of the garage was in violation of the city ordinance, as claimed by the defendants, and requires the rendition of judgment restraining him from further violation of that enactment.

It may be noted and become the subject of silent inquiry that many matters, such as good faith in the enactment of the zoning ordinance, laches, estoppel, and others of a similar character suggested by examination of the trial court's finding have not here been mentioned or discussed. As we bring this opinion to a close it should perhaps be pointed out that such questions have no bearing on our decision of the issue whether failure of the planning commission to give notice for the full period of time directed by the governing body of the city vitiated the challenged zoning ordinance and it is for that reason we have purposely refrained from referring to them throughout the course of this opinion.

The judgment of the district court holding ordinance No. 3188 of the city of Salina void and enjoining the defendants from enforcing its terms and conditions is reversed with instructions to render judgment against the plaintiff enjoining him from further violations of its provisions.

Hoch, J., not participating.