No. 40,078

E. M. TYLER, E. C. JOHNSON, J. C. LEBOW, G. R. KRAMER, M. E. McCARTHY, W. J. TURNER, H. J. TAYLOR, G. A. BERGSTEDT, A. L. HALE, W. D. HOOKER, C. T. JONES, A. T. KRAMER, J. V. ZIMMERMAN, GERALD F. THOMPSON, JOHN R. KIRK, J. R. SPENCER, R. K. VOSS, MARY F. HULSE, LAWRENCE THOMPSON, MURRELL GRAHAM, ALMA HAMILTON, MILDRED MILLER, VERN SCARROW, GLENN S. WILEY, LENDELL GRAHAM, D. S. HAMILTON, DALLAS R. MILLER and ED LOOMIS, *Appellants*, v. COMMON SCHOOL DISTRICT No. 76, a body corporate; and FRANCIS W. FRYE, CLARENCE SMITH and L. E. NELSON, as members of the School Board of Common School District No. 76, *Appellees*.

(298 P. 2d 215)

Opinion filed June 18, 1956.

*George E. Teeple,* and *J. R. White,* both of Mankato, and *A. W. Relihan,*

*T. D. Relihan* and *T. E. Relihan,* all of Smith Center, were on the briefs for the appellants.

  *John S. Dean, Jr.,* of Topeka, argued the cause and *Melvin R. Quinlan,* of Topeka, and *L. E. Weltmer, Roderick E. Weltmer* and *L. M. Weltmer,* all of Mankato, were with him on the briefs for the appellees.

The opinion of the court was delivered by

  Smith, C. J.: This was an action by taxpayers to enjoin a district school board from issuing bonds, brought pursuant to the provisions of G. S. 1949, 60-1121. The trial court sustained defendants' demurrer to the petition on the ground it did not state facts sufficient to constitute a cause of action. We reversed and held it did state a good cause of action. (See *Tyler v. Common School District No. 76,* 177 Kan. 387, 279 P. 2d 302.)

  When the cause was returned to the trial court plaintiffs filed an amended motion for leave to file an amended and supplemental petition and for leave to make additional parties defendant. This motion was overruled—hence this appeal.

  Consideration of this appeal will require an examination of the allegations of the original petition. They were set out in part in our opinion in *Tyler v. Common School District No. 76,* supra, but will be summarized here.

  They were, the district owned a plat of ground upon which it maintained a grade school; that the district was required to secure permission of the school fund commission to issue more bonds; that the board obtained such permission and called a special election for the purpose of authorizing the issuance of $207,000 in bonds for the purpose of acquiring a site for a grade school building and to erect thereon a building. The ballot presented was set out in the petition and it was alleged that it was dual and in violation of G. S. 1953 Supp., 72-2018, and by its use the school board prevented the electors from having a free selection on whether to retain the old site; that no additional site had been designated by ballot at any annual school meeting, as provided by statute; that the district was in the process of printing and selling the bonds and intended to use the proceeds for the acquisition of a grade school site and the erection of a building; that the election was illegal and void and plaintiffs and the other electors of the district had been illegally deprived of the right to select a site; that plaintiffs were all taxpayers in the district and their taxes would be increased as a result of the election unless the relief sought was granted.

The prayer was that the election be declared void and the board be enjoined from taking any action as a result of it and any general obligation bonds printed and sold as a result of it be declared void and be enjoined from the use of any proceeds therefrom for the acquisition of a site and from the improving of such site or erecting a building thereon.

The defendants demurred to this petition on the ground it did not state facts sufficient to constitute a cause of action. This demurrer was sustained. On appeal we examined the ballot and petition and held considering all the facts pleaded in the petition, including the ballot and petition, a cause of action was stated for injunctive relief under the provisions of G. S. 1949, 60-1121, on the basis the proposition was dual in character and violated G. S. 1953 Supp., 72-2018.

The original judgment in the district court was rendered on July 3, 1954. After the appeal and while it was pending in this court the defendants filed a motion to dismiss. In this motion they alleged a change of circumstances and pointed out the plaintiffs had not obtained any order restraining the defendants from proceeding with the registration, issuance and sale of the bonds, nor had they obtained any stay order superseding the judgment sustaining the demurrer to the petition; that subsequent to the judgment and prior to July 28, 1954, the date upon which the motion of appeal was filed, the bonds authorized were duly registered according to law, sold and delivered and the proceeds paid to defendant school board; the real estate in question had been acquired, architects had been employed to prepare plans and specifications for the construction of the new grade school building and the district had been obligated to expend about $29,236.85 out of the proceeds of the sale of the bonds; and that a tax levy upon the property in the district had been certified and extended upon the tax rolls of the county. This motion was passed to be heard with the merits. It was finally denied by us.

After the reversal when the action was returned to the district court plaintiffs filed the amended motion for leave to file an amended supplemental petition and for leave to make additional parties defendant (that has already been spoken of in this opinion). In this motion they related the acts of the defendant board already set out here in the motion to dismiss. In addition they alleged the board had deliberately done these things for the purpose of interfering with the jurisdiction of the court and to prejudice plaintiffs in their

rights; that the acts had been performed in collusion with other persons to the same end; that certain corporations named, with full knowledge of the pendency of the action, aided and abetted defendants in causing the bonds to be registered and issued in order that they might be negotiated to the prejudice of the rights of the plaintiffs, and for the purpose of imposing an illegal burden upon plaintiffs; that with full knowledge of the pendency of the action the county clerk caused an unlawful tax to be taxed for the purpose of paying interest and principal of the bonds and such clerk should be made a party defendant; that with the knowledge of the pendency of the action the county treasurer had collected unlawful taxes for the same purpose and should be made a party defendant; that the acts of the named corporation were not fully known to plaintiffs and if such acts had imposed any legal obligations upon the district, such acts constituted a willful interference with the jurisdiction of the court and plaintiffs were entitled to have damages assessed against all such corporations and persons who had willfully and with full knowledge of the pendency of the action interfered with such jurisdiction; that in order for the court to render adequate relief and restore plaintiffs to the *status quo* the board members should be made defendants as individuals.

The prayer of this motion was that plaintiffs be given permission to file it and for an order granting plaintiffs leave to make such additional parties defendant as might be necessary for the court to give the plaintiffs full and adequate relief and restore them to the *status quo* as of the date of the commencement of this action.

This motion was by the trial court overruled—hence this appeal.

After the appeal was taken defendants filed in this court under the authority of G. S. 1949, 60-3316, a certified transcript of certain proceedings relating to a special election in the district. This transcript states that on March 9, 1956, at a special meeting of the district board held pursuant to written notice of its time, place and purpose the board passed a resolution calling a special election for the purpose of submitting to the qualified electors each of two propositions, as follows:

"1. SHALL the acquisition of the following described real estate in the City of Mankato, Jewell County, Kansas, within said School District, by the District Board of Common School District No. 76, Jewell County, Kansas, be ratified and confirmed as an enlargement of the existing school building site of said School District. . . ."

Then followed a legal description commonly referred to as High School site, said site as so enlarged to be used as a site for a new school building of said district to be used mainly for grade school purposes; to-wit:

Then followed a legal description.

"2. SHALL the general obligation bonds of Common School District No. 76, Jewell County, Kansas, dated June 1, 1954, in the principal amount of Two Hundred Nine Thousand Dollars ($209,000.00), issued pursuant to the authority of Sections 75-2315 to 75-2318, both inclusive, and Sections 72-2017 and 72-2018 of the 1953 Supplement to the General Statutes of Kansas for 1949, and Article 1 of Chapter 10, of the General Statutes of Kansas for 1949, and all amendments thereto, be ratified and confirmed for the purpose of providing funds to pay the cost of acquiring a site and erecting thereon and equipping a building for grade school purposes, said building to be situated in Mankato, Jewell County, Kansas, within said School District?"

This transcript stated that due notice of the election was given in the local newspaper and the election was duly held; that the result of the election on the first proposition was 497 for and 313 against and on the second 513 for and 296 against. It must be stated here that this transcript was not before the trial court because the events related took place after that brief was filed.

Plaintiffs' specification of error is that the trial court erred in overruling *in toto* their amended motion.

The argument of plaintiffs is it is well settled that if in a suit for injunction the equitable relief prayed for cannot be granted because of a change in the status brought about by the defendant since the filing of the action as by his commission, *pendente lite,* of the very acts to prevent which the suit was begun, the court will retain the cause for the purpose of affording relief to the plaintiff by determining the amount of compensation to be awarded him. What plaintiffs actually contend for may be gathered from their brief, as follows:

"The court may be required to assess damages against the members of the School Board and their co-conspirators in an amount which, when added to the amount derived from the unlawful sale of unlawful bonds, when placed in the hands of the Fiscal Agency would retire the bonds."

Again:

"Should it become necessary to assess damages in order to place the appellants in status quo, such damages should be assessed against these persons individually and not as members of the School Board."

Defendants state the two questions to be:

"1. Does it appear from the transcript of the proceedings offered in evidence

in this court pursuant to G. S. 1949, 60-3316, that the issues raised on this appeal and in appellants' petition are now moot and no longer justiciable?

"2. If the matters raised by appellants on this appeal are not moot, does it appear that the trial court abused its judicial discretion in refusing to permit the appellants to file an amended and supplemental petition and bring in new parties defendant?"

As already remarked in this opinion, the sole ground upon which we reversed the judgment of the lower court on the original appeal was that according to its allegations the ballot used was dual, in violation of G. S. 1953 Supp., 72-2018. It was a statutory action brought by taxpayers pursuant to the provisions of G. S. 1949, 60-1121. It was enacted to afford taxpayers to secure an adjudication of the legality of any action of any public board or officer that might, amongst other things, result in the levy of an illegal tax. We are not called on here to decide the propriety of the board's action in issuing and selling the bonds in question while the appeal from the order overruling the demurrer was pending.

It has been brought to our attention pursuant to G. S. 1949, 60-3316, that acting in a legal manner the board called another election. This time it submitted the two propositions on a ballot that offered the voters of the district an opportunity to vote on each. Both carried. The result was the voters ratified the action of the board in issuing and selling the bonds after the first election. This they had the power to do. In *Piper v. Moore,* 163 Kan. 565, 183 P. 2d 965, we said:

"Indeed, when the entire record is analyzed, we are of the opinion the doctrine of ratification in and of itself is a third ground for holding the plaintiff's position untenable. That power to take action includes the right to ratify was determined early in the history of jurisprudence in this jurisdiction." (p. 573.)

See, also *The State, ex rel., v. Comm'rs of Pawnee Co.,* 12 Kan. 426; also *The State v. Scott Co.,* 58 Kan. 491, 49 Pac. 663.

The foregoing rule is in point here. The voters of the district have by their affirmative vote on the two propositions ratified the action of the board in issuing and selling the bonds following the first election. It follows the situation which rendered proper the taxpayers' suit in the first instance no longer exists. The cause of action stated in the original petition has become moot.

This is the third time this action has been in the court, once in *Tyler v. Common School District No. 76,* 177 Kan. 387, 279 P. 2d 302, which was the original appearance of this case, once in *State, ex rel., v. Common School District No. 76,* 178 Kan. 692, 290 P. 2d

825, which was an action by the state on the relation of the county attorney to enjoin the board from going ahead. In the latter appeal we merely held the state was a proper party to bring such an action. It is hoped this is its last appearance here.

The plaintiffs have known of the result of the election of April 10, 1956, ever since it was held.

Counsel for plaintiffs had on May 8, 1956, notice defendants were contending the election of April 10, 1956, rendered the question of the legality of the first election moot, and have not seen fit to answer other than by a motion for continuance filed on June 5, 1956, the day the appeal was set for argument, which did not question the legality.

The appeal, therefore, is dismissed.