(151 P.3d 850)
No. 96,225

LONDA PICARD, JOSEPH PRICE, and ROBERT PROVINCE, *Plaintiffs*, ROBERT LOWE, *Appellant*, v. SUGAR VALLEY LAKES HOMES ASSOCIATION, *Appellee*.

Opinion filed February 16, 2007.

*Robert Lowe*, appellant pro se.

*J. Darcy Domoney*, of Winkler, Domoney & Schultz, of Paola, for the appellee.

Before MCANANY, P.J., PIERRON, J., and BUKATY, S.J.

PIERRON, J.: Robert Lowe appeals the district court's denial of claims he raised concerning the eligibility of voting members, the amendments of bylaws, and other corporate association matters involving the Sugar Valley Lakes Homes Association (Sugar Valley).

Sugar Valley is a homeowners association incorporated in November 1973. In 1974, Hidden Valley Lakes Association (Hidden Valley) merged into Sugar Valley and a merger agreement was filed with the Secretary of State. We are not dealing with a publicly traded corporation which exists for the purpose of profit-making activities.

At a special meeting of Sugar Valley on July 8, 1978, the members approved a change in Sugar Valley's bylaws. The changes reflected the merger with Hidden Valley by increasing the number

of members on the Board of Directors (Board) to five—three members owning property in Sugar Valley and two members owning property in Hidden Valley. At the annual meeting in January 1996, substantial changes were also made to Sugar Valley's bylaws. The bylaws as last amended in 1996 provided in Article III, Section 2: "The rights of membership are subject to the payment of annual and special assessments levied by the Association."

On January 24, 2004, Sugar Valley held its 2004 annual meeting. The Board determined it had a quorum of Sugar Valley's membership. In calculating the quorum number, the Board deducted the number of association-owned lots and also lots with past due assessments. There was an election for four members to the Board at the annual meeting. Robert Lowe was one of the candidates for a Board position. The proxies were mailed to all members of Sugar Valley, and the ballots used in the election stated that only votes of members who were in good standing or who were current on assessments would be counted.

On May 19, 2004, Londa Picard, Joseph Price, Robert Province, and Robert Lowe (plaintiffs) filed an application in district court entitled: "Application for court hearing and determination of persons eligible to vote and determination of result of election of directors and determination of result of matters other than election of directors of corporation without capital stock." The application alleged violations of various Kansas corporation statutes and requested the 2004 election be declared invalid and set aside.

This case proceeded through discovery, a motion to dismiss, and the granting of a change of venue. On July 28, 2005, the plaintiffs filed a motion for partial summary judgment claiming there were no issues of material fact. The parties continued discovery, and each submitted a pretrial questionnaire. On December 23, 2005, the district court conducted a full evidentiary hearing on the only two remaining issues: (1) how a quorum was determined by Sugar Valley for its January 13, 2004 meeting; and (2) what bylaws were in effect for Sugar Valley at the time of that meeting.

The district court granted judgment to Sugar Valley and denied all claims for relief requested by Lowe. The court held that Sugar Valley had correctly met the quorum requirements for its annual

meeting on January 24, 2004, after subtracting lots that were exempt from assessments and lots that were delinquent regarding assessments. The court held the amended and restated bylaws dated January 13, 1996, had been continuously used by Sugar Valley for nearly 10 years without objection until Lowe's current action. The court held that voting rights of the association members were controlled by the articles of incorporation and the bylaws and concluded: (1) it would be unfair to allow members who are not paying assessments to participate in the elections of Board members; (2) the failure to amend the articles of incorporation to reflect the changes in the number of Board members from three to five was a "technicality that has been overcome by many years of ratification by the membership of the defendant"; (3) no member had been harmed by the failure to amend the articles; and (4) the failure to pay assessments does not result in a loss of membership, it results in a loss/suspension of a right of membership, *i.e.*, the right to vote.

Lowe first argues Sugar Valley could not elect a greater number of directors than set forth in the articles of incorporation on file with the Kansas Secretary of State on the day of the election. Lowe contends the election should be declared invalid and set aside.

The bylaws and articles of incorporation filed upon the inception of Sugar Valley in 1973 provided for a Board of three members. The minutes of a special meeting of Sugar Valley occurring on July 8, 1978, stated that a total of 1,385 members were present at the meeting in person or by proxy filed with the secretary. At the meeting, the members approved, with a vote of 1,078, an amendment to Article 4 of the articles of incorporation of Sugar Valley and Article VII, Section I of the bylaws changing the number of members on the Board from three to five. However, amended and restated articles of incorporation for Sugar Valley, reflecting the change to a five member Board, were not filed with the Secretary of State until December 8, 2004.

In granting judgment to Sugar Valley, the district court held that the failure of Sugar Valley to amend its articles of incorporation to reflect the increase of the size of the Board from three members to five members was a "technicality that has been overcome by

many years of ratification by the membership of the defendant." The district court stated the intent of the amendments was clear to allow for the change and that "[n]o member . . . has been harmed by the oversight of the Board of Directors in failing to timely amend the Articles of Incorporation."

The district court's conclusions on the law of ratification directs our standard of review. The function of an appellate court is to determine whether the court's findings of fact are supported by substantial competent evidence and whether the findings are sufficient to support the court's conclusions of law. Substantial evidence is such legal and relevant evidence as a reasonable person might accept as sufficient to support a conclusion. *U.S.D. No. 233 v. Kansas Ass'n of American Educators*, 275 Kan. 313, 318, 64 P.3d 372 (2003).

Lowe bases his argument on K.S.A. 2006 Supp. 17-6301(b), which provides in relevant part:

"The board of directors of a corporation shall consist of one or more members, each of whom shall be a natural person. The number of directors shall be fixed by, or in the manner provided in, the bylaws, unless the articles of incorporation establish the number of directors, in which case a change in the number of directors shall be made only by amendment of the articles."

Pursuant to K.S.A. 2006 Supp. 17-6301(b), Lowe states that at all times relevant in this case before the election of directors in January 2004, Sugar Valley's articles of incorporation on file with the Secretary of State only provided for three members on the Board. Additionally, Lowe argues that ratification is not a possibility because K.S.A. 17-6009(b) provides that bylaws may not contain any provisions that are inconsistent with the law or the entity's articles of incorporation.

Consistent with the district court's decision is the holding in *Piper v. Moore*, 163 Kan. 565, 573, 183 P.2d 965 (1947), where in discussing ratification, the court stated:

"That power to take action includes the right to ratify was determined early in the history of jurisprudence in this jurisdiction.

"In *State v. Comm'rs of Pawnee County*, 12 Kan. 426, we held:

'It is a general principle of almost universal application that whenever a state, county, corporation, partnership, or person has power originally to do a particular

thing, it also has the power to ratify and make valid an attempted effort to do such thing, although the same may have been done ever so defectively, informally, or even fraudulently in the first instance.' (Syl. ¶ 5.)

"And at page 439 of the opinion in that case said:

'. . . This principle is so elementary in its nature that it requires no citation of authorities to uphold it.' "

Sugar Valley's change in the number of members on the Board is not a recent change. It occurred in 1978 when 1,078 members of Sugar Valley, out of a total of 1,385 members present either in person or by proxy, decided to amend the bylaws to establish a Board of five members. The intent of the amendment is clear. It is obvious the amendment gives a voice on the Board to all members of Sugar Valley, those living in the Sugar Valley area and those living in the Hidden Valley area. Lowe does not dispute the fact that since 1978, nearly 30 years, Sugar Valley has elected five members to its Board.

The district court correctly concluded that the members of Sugar Valley have ratified the election of five members to the Board despite the fact that the articles of incorporation were not timely amended. We also agree that Lowe has not demonstrated any harm or prejudice by the oversight of the Board in failing to timely amend the articles of incorporation.

Next, Lowe argues that under Kansas law, each member of Sugar Valley had the right to vote at the January 2004 member meeting and Sugar Valley could not deny voting rights to those members with unpaid assessments.

Regarding voting rights, the district court held that the amended and restated bylaws dated January 13, 1996, have been continuously utilized by Sugar Valley for nearly 10 years without objection until Lowe's current action. The court held that the voting rights of the association members were controlled by the articles of incorporation and the bylaws. The court concluded it would be unfair to allow members who are not paying assessments to participate in elections of Board members and that failure to pay assessments did not result in a loss of membership but in a loss or suspension of a right of membership, *i.e.*, the right to vote.

The district court's conclusions on the limitation of voting rights gives us a standard of review to determine whether the trial court's findings of fact are supported by substantial competent evidence and whether the findings are sufficient to support the trial court's conclusions of law. *U.S.D. No. 233 v. Kansas Ass'n of American Educators*, 275 Kan. at 318.

Lowe cites two statutory provisions. K.S.A. 2006 Supp. 17-6505(b) states:

"Unless otherwise provided in the articles of incorporation of a nonstock corporation, each member shall be entitled at every meeting of members to one vote in person or by proxy, but no proxy shall be voted after three years from its date, unless the proxy provides for a longer period."

K.S.A. 2006 Supp. 17-6505(c) states:

"Unless otherwise provided in this act, the articles of incorporation or bylaws of a nonstock corporation may specify the number of members having voting power who shall be present or represented by proxy at any meeting in order to constitute a quorum for, and the votes, or portion thereof, that shall be necessary for, the transaction of any business. In the absence of such specification in the articles of incorporation or bylaws of a nonstock corporation, the members present in person or represented by proxy after proper notice has been given shall constitute a quorum at a meeting of such members. In all matters other than the election of the governing body of the corporation, the affirmative vote of a majority of such members present in person or represented by proxy at the meeting and entitled to vote on the subject matter shall be the act of the members, unless the vote of a greater number is required by this act, the articles of incorporation or bylaws."

Lowe argues the absence of any language concerning the word "bylaws" in K.S.A. 2006 Supp. 17-6505(b), while including the language in K.S.A. 2006 Supp. 17-6505(c), shows clear intent by the legislature that only the articles of incorporation may contain a provision for the limitation or suspension of voting rights. Lowe states that Sugar Valley's original articles of incorporation contained the conditions of membership and there is no language limiting the rights of membership if the member fails to pay annual or special assessments. Lowe states the 1996 amendments to the bylaws cannot dilute any membership rights and that the restrictions and covenants section of the bylaws clearly provides that each

member is entitled to one vote and there is no provision for a suspension of voting rights.

We disagree with Lowe's arguments. The bylaws of Sugar Valley have always limited membership on the payment of association dues. The bylaws have provided, since 1973, in Article III, Sections 2 and 3: "The rights of membership are subject to the payment of annual and special assessments levied by the Association" and, "The membership rights of any person whose interest in the the Properties is subject to assessment." We recognize that the original articles of incorporation filed by Sugar Valley did not address voting rights of its members, only that all purchasers were members. The amended articles of incorporation state:

"Every person who is an Owner, as defined in the Declarations of Covenants and Restrictions, shall be a member of the Association, provided that any such owner who holds such interest merely as a security for the performance of an obligation shall not be a member. *The rights of membership are subject to the payment of annual and special assessments levied by the corporation and the further conditions of membership shall be stated in the bylaws.*" (Emphasis added.)

We agree with the logic of the district court and Sugar Valley. Limitation on membership rights based on payment of association dues or assessments has been in the bylaws since Sugar Valley's inception. Common sense dictates that to participate in the election of the governing body, the voters can be required to be current on their assessments. There is a distinction between conditions of membership and rights of membership. Failing to pay assessments does not result in the loss of membership. Instead, it results in the loss or suspension of a membership right, in this case, the right to vote in association matters.

The previous discussion of ratification of conduct is equally applicable under this issue. See *Piper v. Moore*, 163 Kan. at 573; *State v. Comm'rs of Pawnee Co.*, 12 Kan. 426 (1874).

Next, Lowe argues the district court incorrectly determined the quorum requirements for the January 2004 annual meeting.

Our standard of review is to determine whether Sugar Valley was entitled to judgment on this issue.

" 'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citation omitted.]' " *Mitchell v. City of Wichita*, 270 Kan. 56, 59, 12 P.3d 402 (2000) (quoting *Bergstrom v. Noah*, 266 Kan. 847, 871-72, 974 P.2d 531 [1999]).

### K.S.A. 2006 Supp. 17-6505(c) provides:

"Unless otherwise provided by this act, the articles of incorporation or bylaws of a nonstock corporation may specify the number of members having voting power who shall be present or represented by proxy at any meeting in order to constitute a quorum for, and the votes, or portion thereof, that shall be necessary for, the transaction of any business."

The voting or quorum requirements are found in Sugar Valley's bylaws. Article XIII, Section 4 provides: "The presence at the meeting of members entitled to cast, or of proxies entitled to cast, one-tenth (1/10) of the votes of the membership shall constitute a quorum for any action governed by these Bylaws." Lowe reads this provision to require one-tenth of the entire membership in order to have a quorum. Like the district court, we disagree with Lowe's interpretation. The key wording in the bylaw provision is the restriction to members that are "entitled to cast" votes. Although certainly not the situation in the present case, if the membership pool is not reduced by those members who are not entitled to vote, *i.e.*, loss of the membership right to vote, then the possibility of never being able to meet a quorum presents itself. We interpret the provision to require one-tenth of members entitled to vote in order to establish a quorum.

The parties stipulated there were 370 votes cast by members at the January 2004 annual meeting. The parties also stipulated there were a total of 4220 lots outstanding at the time of the meeting.

Sugar Valley presented evidence at the evidentiary hearing that 363 lots were owned by the association and 943 lots had past due assessments. Sugar Valley supported its findings with a printout of the status of all association members. The district court also found Sugar Valley's membership statistics in 2005 to be comparable to those presented in 2004. Subtracting the association owned lots and the lots with past due dues, we agree with the district court's findings that Sugar Valley met the quorum requirement of 292 at its 2004 meeting and Sugar Valley was entitled to judgment on this issue.

The last two issues argued by Lowe generally involve whether the district court could decide this case on summary judgment. He argues the district court erred in granting judgment to Sugar Valley when Sugar Valley did not come forward with any opposing affidavits or any competent evidence showing there was a genuine issue as to any material fact.

Summary judgment is appropriate when the evidence indicates there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. See *Mitchell v. City of Wichita*, 270 Kan. at 59.

Lowe contends Sugar Valley failed to submit a verified response to his motion for partial summary judgment and the response did not contain any affidavits or other competent evidence showing a genuine issue for trial. Without a verified response, Lowe argues, the district court should have granted his motion. Lowe contends the fact that Sugar Valley failed to provide evidence concerning the proper procedures for passing the amended bylaws and the amended and restated articles of incorporation filed 10 months after the January 2004 meeting is prima facie evidence that Sugar Valley knew it was necessary to file the articles in order for them to be effective.

Sugar Valley counters that its response to Lowe's motion for partial summary judgment is in full compliance with Supreme Court Rule 141 (2006 Kan. Ct. R. Annot. 203) and provides undisputed evidence allowing judgment in its favor. We agree. Sugar Valley presented a lengthy response to Lowe's motion wherein it detailed the paragraphs that were uncontroverted and the eight

paragraphs that it argued were controverted. Attached to Sugar Valley's response were the bylaws in force at the time of the January 2004 annual meeting, several sets of Sugar Valley's responses to interrogatories, and the amended and restated articles of incorporation of Sugar Valley filed with the Secretary of State on December 8, 2004.

We also reject Lowe's claim that Sugar Valley's response was improper because it was not verified by the corporation. Lowe cites no authority requiring verification, nor can we find any such requirement. K.S.A. 60-211(a) provides in relevant part: "Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by an affidavit."

Lowe also takes issue with several facts and conclusions used by the district court in granting judgment to Sugar Valley surrounding the 1996 annual meeting.

Lowe argues Sugar Valley must prove the validity of the 1996 annual meeting before the minutes and actions of that meeting can accepted. On the contrary, Lowe must prove the invalidity of the 1996 annual meeting before it will be disregarded. Lowe has not met his burden of proof. Finding a party did not meet its burden of proof is a negative finding. Such a finding will not be disturbed by an appellate court absent proof of an arbitrary disregard of undisputed evidence or some extrinsic consideration such as bias, passion, or prejudice. See *General Building Contr., LLC v. Board of Shawnee County Comm'rs*, 275 Kan. 525, 541, 66 P.3d 873 (2003). Lowe cannot overcome this negative finding. There is no evidence of impropriety in the 1996 annual meeting.

Affirmed.