No. 24,653.

THE STATE OF KANSAS, ex rel. CHARLES C. CALKIN, as County Attorney of the County of Kingman, *Appellee*, v. EUGENE WALLACE et al., *Appellants*.

SYLLABUS BY THE COURT.

1. ORGANIZATION·OF RURAL HIGH-SCHOOL DISTRICT—*Sufficient Notice of Election*. Notice for the organization of a rural high-school district and for the location of a high-school building under section 1 of chapter 284 of the Laws of 1917 is properly given where notice of the election is twice published in the county where the district is located, the first publication of which is twenty-one days before the election, and a notice of the election is posted on the door of each schoolhouse within the district for the same length of time.

2. SAME—*Notice of Election—Location of School Building Sufficiently Designated*. A notice of an election for the location of a rural high-school building is sufficient where it describes the place as "on townsite of town of Belmont and being on N W ¼ S W ¼ of section 16, Eagle township, Kingman county, Kansas."

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed November 13, 1922. Reversed.

*S. S. Alexander*, of Kingman, and *George McGill*, of Wichita, for the appellants.

*Charles C. Calkin*, county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: By this action the plaintiff questions the validity of the organization of rural high-school district No. 17 in Kingman county. Judgment was rendered in favor of the plaintiff, and the defendants appeal.

1. It is argued that notice of the election for the organization of the district and the location of a schoolhouse was not published in a newspaper for the required length of time. The first notice was published on June 6, 1919, the second on June 13, and the election was held June 28. It is argued that the last publication should have been twenty-one days prior to the date of the election.

Part of chapter 284 of the Laws of 1917, the law under which this election was held, reads:

"Notice of all such elections shall be given at least twenty-one days prior to the date of such election by posting printed or typewritten notices on the door of each schoolhouse in the proposed district and by publishing the same

The State, *ex rel.*, v. Wallace.

twice in some newspaper published in each county in which the proposed district or any part of the proposed district lies." (§ 2.)

When the publication was first made in the newspaper, notice was given. Under the statute that notice must be given twenty-one days before the election. The statute requires more—it requires two publications of the notice, but does not require that the last publication shall be twenty-one days before the election. This accords with that portion of the statute requiring notice to be posted on the doors of the schoolhouses within the proposed district. No longer time is required in one way of giving notice than is required in the other. If the first publication is twenty-one days before the election, both notices will run simultaneously for the same length of time. That is all that is required by the statute.

2. Was the location of the site for the schoolhouse named with sufficient definiteness? The site was described as follows:

"The said high-school building should be located at and on townsite of town of Belmont and being on N W ¼ S W ¼ of section 16, Eagle township, Kingman county, Kansas."

It appears that the district was composed of sixteen square miles of territory. In *Stanhope v. Rural High-school District,* 110 Kan. 739, this court said:

"A proposition to vote bonds for the erection of a high-school building 'upon a suitable site to be selected in Reece, Greenwood county, Kansas,' is a sufficiently precise location of the site to answer the purposes of the election." (Syl. ¶ 3.)

In *Miely v. Metzger,* 97 Kan. 804, 156 Pac. 753, it was held that the petition which gave the proposed location as within Ozawkie, Kan., was sufficiently definite.

In *School District v. Davis,* 99 Kan. 185, 160 Pac. 1008, a description of the location as "within or close to the village of Rantoul" was held not so indefinite as to invalidate the organization of the school district made under the notice.

In the present case, the location was placed on a certain forty acres of land, and on the town site of the town of Belmont, which the court thinks was sufficiently definite to comply with the statute.

The judgment is reversed, and the trial court is directed to render judgment for the defendants.