No. 28,503.

The City of Aurora, *Plaintiff*, v. Will J. French, as State Auditor, etc., *Defendant.*

(268 Pac. 93.)

Opinion filed June 9, 1928.

*Ralph T. O'Neil, J. D. M. Hamilton* and *Barton E. Griffith,* all of Topeka, for the plaintiff.

*William A. Smith,* attorney-general, and *W. C. Ralston,* assistant attorney-general, for the defendant.

The opinion of the court was delivered by

Burch, J.: The action is one of mandamus to require the state auditor to register municipal bonds. The auditor moves to quash the alternative writ, which shows the following facts:

On March 5, 1928, an ordinance of the city was passed and approved calling an election to be held on April 3 to determine whether bonds should be issued for the construction of a system of city waterworks. The ordinance provided that the notice of election should be published for three consecutive weeks, the first publication to be at least twenty-one days prior to the date fixed for the election. The ordinance was published on March 15. The election notice was published on March 8, March 15 and March 22. On April 3 the bond election was held, and the proposition to issue bonds was carried by a vote of 68 for to 52 against. One hundred and thirty-six persons were qualified to vote. All voters were fully advised of the date and purpose of the election, and none of the 16 who failed to vote omitted to do so for lack of notice. Following the election, bonds were issued and were sold.

The pertinent statutes read as follows:

"Whenever the governing body of any such city shall desire to procure

authority for the issuance of bonds under the terms of this act, they shall pass an ordinance directing the calling of an election for the submission of the question to the electors thereof, which election shall be held according to law." (R. S. 12-802.)

"No ordinance having any object beyond the bare appropriation of money shall be in force until published as herein provided." (R. S. 15-107.)

"Notice of such election shall be published in a newspaper of general circulation in the municipality once each week for three consecutive weeks, the first publication to be not less than twenty-one days prior to such election; . . ." (R. S. 10-120.)

The auditor contends the ordinance was of no effect for any purpose until published, therefore the election notice of March 8 was not a legal notice. The result was, the first publication of the election notice did not occur twenty-one days before the election, and the notice was legally published but two weeks instead of three. The city contends the statute relating to notice of the election was literally fulfilled; publication of the first notice before publication of the ordinance was an irregularity which did not affect the informative quality of the notice; the public had in fact just such notice of the election as the law required; nobody could be misled or prejudiced, and the purpose of the law in providing for notice was as fully accomplished as if the first notice had been technically legal.

The court regards the city's contention as sound, and holds the defect in the publication of the notice did not invalidate the election.

The motion to quash is denied. Opportunity will be given the auditor to make return to the alternative writ showing registration of the bonds. Should this return be promptly made, the costs will be taxed to the city; otherwise a peremptory writ will issue.