No. 40,821

The State of Kansas, ex rel., Charles D. Johnson, as County Attorney of McPherson County, Kansas, *Appellant*, v. Glen Schmidt, Lewis Nelson and Wallace Lindberg, as pretended Members of the Board of a Pretended Rural High School District denominated Rural High School District No. 6, *Appellees*.

(322 P. 2d 772)

Opinion filed March 8, 1958.

*Russ B. Anderson,* of McPherson, argued the cause and *Charles D. Johnson* and *Archie T. MacDonald,* both of McPherson, were with him on the briefs for the appellant.

*L. H. Ruppenthal,* of McPherson, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

Hall, J.: This is an appeal from an order sustaining a demurrer to a petition for a Writ of Quo Warranto.

This action was instituted by the state of Kansas on the relation of Charles D. Johnson, County Attorney of McPherson County, Kansas, against the defendants, officers and members of newly organized Rural High School District No. 6 in McPherson County, to declare void the proceedings to organize the district, to declare the district nonexistent, and to oust the defendants.

The defendants filed motions to strike and to make more definite and certain, a portion of which were sustained and some of which were overruled by the court. The plaintiff then filed an amended petition.

The defendants demurred to the amended petition. The court sustained the demurrer. Hence this appeal.

In the petition the plaintiff raises many points of alleged error in the organization of the school district which was organized under the provisions of G. S. 1955 Supp., 72-3537 *et seq.*

The allegations are, *inter alia,* that the petitions circulated for the establishment of the district were not properly presented or filed; that a qualified elector was not appointed to make an enumeration; that the order approving the petitions was signed without authority; that the minutes of the Board of County Commissioners did not disclose that any action was taken relating to the petitions; that the notice of hearing published by the County Superintendent did not properly describe the boundary lines of the area sought to be organized; that the election notice was published without authority; that the election notice was less than the time provided by statute; that the polling places, judges and ballots did not comply with the statute; and finally, unlawful electioneering and solicitation were permitted at the polling places.

We have carefully examined these allegations with supporting exhibits. With the exception of paragraph 10 relating to the election notice, they are not of sufficient gravity to vitiate the statute and the organization of the district under it. (*State, ex rel., v. Miami County Comm'rs,* 168 Kan. 723, 215 Pac. 631; *State, ex rel., v. Martin,* 178 Kan. 476, 289 P. 2d 745.)

Paragraph 10 of the petition provides as follows:

"That contrary to G. S. 1949 (1955 Supp.) 72-3541, twenty-one (21) days did not elapse from the time of the first publication of said notice on November 26, 1956, until the election was held on December 17, 1956."

This case was first argued on October 2, 1957. On January 24, 1958, the court heard further argument on the point raised in paragraph 10.

There is no dispute as to the facts of publication. The date of the first publication was on November 26, 1956, and the date of the election was on December 17, 1956.

The appellant contends that under the provisions of G. S. 1955 Supp., 72-3541, twenty-one (21) "clear days" did not elapse from the time of the first publication until the time of election.

The appellees contend that the statute does not require twenty-one (21) "clear days" from the time of the first publication until the time of election but that under the statute the first day of publica-

tion is included and the last day is excluded. If so, the election notice was good in the instant case because counting the first day of publication, on November 26, 1956, twenty-one (21) days had elapsed when the election was held on December 17, 1956.

The source of the prior law to G. S. 1955 Supp., 72-3541 is G. S. 1949, 72-3502.

Section 72-3502, G. S. 1949 provided:

". . . Notice of all such elections shall be given *at least twenty-one days* prior to the date of such election by posting printed or typewritten notices on the door of each schoolhouse in the proposed district and by publishing the same twice in some newspaper published in each county in which the proposed district or any part of the proposed district lies, . . ." (Emphasis ours.)

Section 72-3541, G. S. 1955 Supp. now provides:

". . . Notice of such election shall be given at *least twenty-one days* prior to the date thereof by posting notices on the front door of each schoolhouse in the proposed district and by publishing notice twice in a newspaper published in each county in which any part of the proposed district lies, *the first publication to be not less than twenty-one days prior to the election.* . . ." (Emphasis ours.)

The only change made in the statute was the addition of the words "the first publication to be not less than twenty-one days prior to the election."

Prior to this amendement the rule was well established in the decided cases that in computing the time of "at least twenty-one days" the first day of publication was included and the last day was excluded. This rule of computing time did not require "twenty-one clear days" of publication. (*State, ex rel., v. Wallace,* 112 Kan. 264, 210 Pac. 848; *City of Wichita v. Robb,* 163 Kan. 121, 179 P. 2d 937; *State, ex rel., v. Miami County Comm'rs,* supra.)

The Miami case was decided in 1950. The amendment of the law by the legislature was in 1951. The additional requirement in the statute that the first publication must be "not less than twenty-one days" can only be construed to mean a legislative intent of twenty-one "clear days," thus abrogating the previous rule established by judicial interpretation of G. S. 1949, 72-3502.

The case at bar is one of first impression under the amended statute (G. S. 1955 Supp., 72-3541.) Under its provisions notice of election must be given "at least and not less than twenty-one clear days" prior to the election.

The notice here did not comply with the statute and the election held on December 17, 1956, was void.

The court erred in sustaining the demurrer to the amended petition.

The judgment is reversed.

HALL, J., dissents.

FATZER, J. (dissenting in part): The question is whether the notice of the election was published twenty-one days prior to the date of election. I do not believe ¶¶ 1 (2) (3), and 2 of the syllabus and the corresponding portion of the majority opinion correctly decide that question.

As indicated in the majority opinion, the notice of election was first published November 26, 1956, and the election was held December 17, 1956. If it is proper to count the day of first publication as one of the days of notice, there were twenty-one days notice of the election prior to December 17, in compliance with G. S. 1955 Supp. 72-3541, and lawful notice of the election was given; if it is not, lawful notice of the election was not given, and it must be declared illegal and set aside. The majority opinion holds that proper notice was not given; that the first day of publication may not be counted as one of the days of notice, and concludes there must be "twenty-one clear days" between first publication of the notice and the day of election.

In 1951 the regular session of the legislature enacted a comprehensive school code clarifying and codifying many existing laws governing common schools, rural high schools, community high schools and boards of education of first and second class cities (L. 1951, Ch. 395). Among the many statutes amended and codified was G. S. 1949, 72-3502, the prior law of our present statute G. S. 1955 Supp. 72-3541, which required that notice of the election be given "at least twenty-one days prior to the date of such election . . . by publishing the same twice in some newspaper published in each county. . . ."

In *State, ex rel., v. Miami County Comm'rs,* 168 Kan. 723, 215 P. 2d 631, this court held that notice of election given pursuant to G. S. 1949, 72-3502 was sufficient when the notice was first published on December 13, calling the election to be held January 3, "and counting it (December 13) as the first day of notice there were nineteen days in December and two days in January or twenty-one days notice of the election on January 3." (p. 737.) That holding

was in conformity with previous decisions (*State, ex rel., v. Comm'rs of Sherman Co.,* 39 Kan. 293, 18 Pac. 179; *State, ex rel., v. Wallace,* 112 Kan. 264, 210 Pac. 348; *City of Aurora v. French,* 126 Kan. 393, 268 Pac. 93; *City of Wichita v. Robb,* 163 Kan. 121, 124, 179 P. 2d 937; *Piper v. Moore,* 163 Kan. 565, 572, 183 P. 2d 965) that in computing the period of time a notice is required to be published, the first day of publication is to be counted as one of those days.

As indicated in the majority opinion, the only change made when G. S. 1949, 72-3502 was amended by G. S. 1955 Supp. 72-3541 was the addition of the phrase "*the first publication to be not less than twenty-one days prior to the election.*" That phrase is identical with language contained in our general bond statute G. S. 1949, 10-120 (excepting the words "such" and "the" before the word election) relating to bond elections and providing that "notice of such election shall be published in a newspaper of general circulation in the municipality . . . *the first publication to be not less than twenty-one days prior to such election.*" (Emphasis supplied.) This court has consistently held that in computing the period of time with respect to bond election notices, the first day of publication is counted as one of the twenty-one days the notice is required to be published prior to the election (*State, ex rel., v. Comm'rs of Sherman Co.,* supra; *State, ex rel., v. Wallace,* supra; *City of Aurora v. French,* supra; *City of Wichita v. Robb,* supra; *Piper v. Moore,* supra). The failure of the legislature to change G. S. 1949, 10-120 following judicial construction for a long period of time amounts to legislative approval and ratification of that construction (*State v. One Bally Coney Island No. 21011 Gaming Table,* 174 Kan. 757, 761, 258 P. 2d 225).

Generally speaking, all statutes are presumed to be enacted by the legislature with full knowledge of the existing conditions of the law, and if a special meaning is attached to certain words in a prior act, there is a presumption of some force the legislature intended that they should have the same significance when used in a subsequent act in relation to the same subject matter. The rule is stated in 82 C. J. S., Statutes, § 370, pp. 851, 852, as follows:

"Where words or phrases employed in a new statute have been construed by the courts to have been used in a particular sense in a previous statute on the same subject, or one analogous to it, they are presumed, in the absence of a clearly expressed intent to the contrary, to be used in the same sense in the new statute as in the previous statute. . . ."

See, also, 50 Am. Jur., Statutes, § 265, p. 255, § 272, p. 260; 3 Sutherland, Statutory Construction, 3d ed., § 6102, pp. 157, 158, 159.

The phrase "the first publication to be not less than twenty-one days prior to the election" as used in G. S. 1955 Supp. 72-3541 pertains to the same subject as G. S. 1949, 10-120, *i. e.,* the *publication of notice* of a *special election* in a newspaper having general circulation in the municipality. When the identical language of G. S. 1949, 10-120 was incorporated into G. S. 1955 Supp. 72-3541, and where, as here, that language has acquired a settled meaning through judicial construction over a long period of time, it is presumed the legislature in enacting G. S. 1955 Supp. 72-3541 accepted the construction previously given that language by the court. Moreover, there is no clearly expressed intent to construe the language of G. S. 1955 Supp. 72-3541 in a manner different than the construction given it in G. S. 1949, 10-120. Indeed, to not count the day of *"first publication"* as one of the twenty-one days prior to the election is to disregard the plain terms of the statute. It is the *"first publication"* which shall be not less than twenty-one days prior to the election—not "twenty-one clear days" as stated in the majority opinion—and the day of *"first publication"* is one of those twenty-one days.

In the instant case, counting December 16, as the last day prior to the day of election, December 17, and counting back each day to November 16, twenty-one days notice of the election was given when the notice was *first published* on November 16.

In my judgment lawful notice of the election was given. I concur in the majority opinion that the allegations of the petition were not of sufficient gravity to vitiate the organization of the school district. In view of the foregoing, I would enter judgment for the defendants.